2005 SD 16

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Derrick E. CAROTHERS, Defendant and Appellee.**

No. 23236.

Supreme Court of South Dakota.

Argued on Jan. 12, 2005.

Decided Jan. 26, 2005.

---

Lawrence E. Long, Attorney General, Gary Campbell, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellant.

Sean M. O'Brien, Brookings, South Dakota, Attorney for defendant and appellee.

ZINTER, Justice.

[¶ 1.] S.T., a four-year-old child, made statements to her mother, a deputy sheriff, and a social worker alleging sexual contact by Derrick Carothers. The State moved to introduce the statements at trial, indicating that S.T. would be available as a witness. The trial court interpreted *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) to preclude use of S.T.'s testimonial statements because they were not subjected to cross-examination at the time they were originally made. We granted the State's request for an intermediate appeal. We now reverse, concluding that testimonial statements need not be subject to cross-examination at the time they were made if the witness is available and subject to cross-examination at trial.

### Facts and Procedural History

[¶ 2.] On October 3, 2003, Mother was in the bathroom of her home when S.T. came in, pushed a stool up against the door, and locked it. S.T. told Mother that she had been touched in a bad place, indicating her vaginal area. S.T. did not use Derrick Carothers' name, but said "he" and pointed to Carothers' location in the dining room. Mother subsequently made an appointment for S.T. to be examined at a medical clinic.

[¶ 3.] Mother and S.T. met with Deputy Sheriff Darin Haider at the clinic. S.T. told Haider that Carothers had licked her in her vaginal area. She also told him that Carothers had placed his hand on her vaginal area and moved it back and forth; that he used his fingers and he did it a lot of times; and, that he put his hand in her pants. She further indicated that his pants were unzipped and that he had licked her, grabbed her, and wanted to kiss her, but she said that she did not want to. S.T. finally indicated that Carothers always wanted to come over and kiss her.

[¶ 4.] On October 8, 2003, Mother took S.T. to a medical evaluation center called Child's Voice. Child's Voice examines children who are possible victims of physical or sexual abuse. S.T. was interviewed there by Colleen Brazil, a social worker with extensive training in interviewing children. Brazil testified that the purpose of the interview was "to gather a history

for [the] physician or other medical provider in order for them to diagnose and treat the child. . . ." During this interview, S.T. told Brazil that Carothers had showed her his "winkie." S.T. also gave further details of the alleged sexual contacts.

[¶ 5.] On November 26, 2003, a grand jury indicted Carothers on three offenses: Sexual Contact with a Child Under Sixteen, (SDCL 22–22–7); Kidnapping, (SDCL 22–19–1(2)); and Criminal Pedophilia, (SDCL 22–22–30.1). On December 31, 2003, the State filed a notice of intent to offer S.T.'s statements at trial. The trial court initially indicated that it would admit the statements under SDCL 19–16–38,[1] a statute that permits admission of certain young children's hearsay statements describing sexual contact, rape, and other forms of abuse and neglect.

[¶ 6.] However, on April 12, 2004, the trial court advised counsel of the March 2004 decision in *Crawford*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. *Crawford* fundamentally changed Confrontation Clause jurisprudence concerning hearsay. After further hearing on the impact of *Crawford*, the trial court concluded that the testimonial statements made to the deputy and social worker[2] were inadmissible because under *Crawford*, the Confrontation Clause only permits admission of testimonial statements that were subjected to cross-examination at the time they were made. The State now appeals.

## Analysis and Decision

[¶ 7.] "[A]n alleged violation of a constitutionally protected right is a question of law. . . ." *State v. Ball*, 2004 SD 9, ¶ 18, 675 N.W.2d 192, 198 (citing *State v. Lamont*, 2001 SD 92, ¶ 12, 631 N.W.2d 603, 607). Constitutional questions of law are reviewed de novo. *Id.*

[¶ 8.] The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to be "confronted with the witnesses against him." U.S. Const. amend. VI. In construing this amendment, *Crawford* overruled *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which had admitted hearsay without confrontation if the statement satisfied certain "firmly rooted" hearsay exceptions or if the statement bore "particularized guarantees of trustworthiness." In overruling *Roberts*,

---

1. SDCL 19–16–38 provides:
   A statement made by a child under the age of ten, or by a child ten years of age or older who is developmentally disabled as defined in § 27B–1–3, describing any act of sexual contact or rape performed with or on the child by another, or describing any act of physical abuse or neglect of the child by another, or any act of physical abuse or neglect of another child observed by the child making the statement, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings against the defendant or in any proceeding under chapters 26–7A, 26–8A, 26–8B, and 26–8C in the courts of this state if:
   (1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:
(a) Testifies at the proceedings; or
(b) Is unavailable as a witness.
However, if the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act. No statement may be admitted under this section unless the proponent of the statement makes known his intention to offer the statement and the particulars of it, including the name and address of the declarant to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement.

2. The trial court concluded that S.T.'s statements to Mother were not testimonial. The admissibility of those statements is not at issue in this appeal.

*Crawford* concluded that "[t]he unpardonable vice of the *Roberts* test ... [was] not its unpredictability, but its demonstrated capacity to admit core testimonial statements that the Confrontation Clause plainly meant to exclude." *Crawford* at 63, 124 S.Ct. at 1371, 158 L.Ed.2d at 184.

[¶ 9.] Factually, *Crawford* precluded the use of testimonial statements of an *unavailable* witness who had not been previously subjected to cross-examination. *Id.* at 59, 124 S.Ct. at 1369, 158 L.Ed.2d at 197–198. Therefore, the trial court interpreted[3] *Crawford* to prohibit "previous testimonial hearsay statements made, even if the alleged victim testifies at trial and is cross-examined at trial." The trial court reasoned that under *Crawford:*

"the [C]onfrontation [C]lause isn't cured as to previous testimonial statements because the alleged victim testifies at trial. There's no question that the testimony at trial would have some differences.... There would be no immediate confrontation right relating to [certain] exhibits."

However, in our opinion *Crawford* does not require prior cross-examination if the witness is subject to cross-examination at trial.

[¶ 10.] First, it must be reiterated that factually, *Crawford* involved the admissibility of hearsay under the Confrontation Clause where the witness was *unavailable.* *Id.* at 40, 124 S.Ct. at 1357, 158 L.Ed.2d at 184–185. Therefore, *Crawford* logically stated that the Sixth Amendment demanded what the common law required when a witness was *unavailable:* "a prior opportunity for cross-examination." *Id.* at 68, 124 S.Ct. at 1374, 158 L.Ed.2d at 203–204. However, *Crawford* did not suggest that a prior opportunity for cross-examination was also required if the witness *was available* for cross-examination at trial. On the contrary, in answering the dissent, the Court expressly rejected a prior cross-examination requirement stating:

we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. It is therefore irrelevant that the reliability of some out-of-court statements " 'cannot be replicated, even if the declarant testifies to the same matters in court.' " The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

*Id* at 59, 124 S.Ct. at 1369, 158 L.Ed.2d at 198, n. 9 (internal citations omitted).

[¶ 11.] *Crawford* further emphasized this point by expressly reaffirming its previous holding in *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In *Green,* the Court reviewed California Supreme Court rulings, which like the trial court here, had held "that prior statements of a witness that were not subject to cross-examination when originally made, could not be introduced ... to prove the charges against a defendant without violating the defendant's right of confrontation guaranteed by the Sixth Amendment...." 399 U.S. at 150–151, 90 S.Ct. at 1931, 26 L.Ed.2d at 492–493. *See also People v. Johnson,* 68 Cal.2d 646, 68 Cal. Rptr. 599, 441 P.2d 111 (1968); *People v. Green,* 70 Cal.2d 654, 75 Cal.Rptr. 782, 451 P.2d 422 (1969). However, *Green* overruled the California decisions and held that

---

**3.** As noted in the trial court's opinion, *Crawford* was such a recent case that it was "diffi- cult to find any interpretive guidance."

"where the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of [the] out-of-court statements does not create a confrontation problem."[4] *Id.* at 162, 90 S.Ct. at 1937, 26 L.Ed.2d at 499; *Crawford*, 541 U.S. at 59, 124 S.Ct. at 1369, 158 L.Ed.2d at 197–198, n. 9. Thus, under both *Green* and *Crawford*, if the declarant is available for cross-examination at the trial, "the Confrontation Clause places no

constraints at all on the use of [the declarant's] prior testimonial statements." *Crawford*, 541 U.S. at 59, 124 S.Ct. at 1369, 158 L.Ed.2d at 198, n. 9.

[¶ 12.] This conclusion has been confirmed by virtually all of the courts that have had the opportunity to review this issue after *Crawford.* They agree that *Crawford* does not apply if the declarant testifies and is subject to cross-examination at trial.[5] In the most recent of these

4. *Green* explained:

> Viewed historically ... there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination. This conclusion is supported by comparing the purposes of confrontation with the alleged dangers in admitting an out-of-court statement. Confrontation: (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility. ...
>
> It may be true that a jury would be in a better position to evaluate the truth of the prior statement if it could somehow be whisked magically back in time to witness a grueling cross-examination of the declarant as he first gives his statement. But the question as we see it must be not whether one can somehow imagine the jury in 'a better position,' but whether subsequent cross-examination at the defendant's trial will still afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement. On that issue, neither evidence nor reason convinces us that contemporaneous cross-examination before the ultimate trier of fact is so much more effective than subsequent examination that it must be made the touchstone of the Confrontation Clause.
>
> 399 U.S. at 158–161, 90 S.Ct. at 1935–1936, 26 L.Ed.2d at 497–499.

5. *See Clark v. State*, 808 N.E.2d 1183, 1190 n. 2 (Ind. 2004) (stating that the Supreme Court expressly noted in *Crawford* that, "where the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem"); *State v. Gorman*, 854 A.2d 1164, 1178 (Me. 2004) (stating that, according to *Crawford*, the Confrontation Clause was satisfied when the defendant "was given the opportunity to examine and cross-examine his mother regarding what she did and did not recall and the reasons for her failure of recollection"); *Cooley v. State*, 157 Md.App. 101, 849 A.2d 1026, 1031 (2004) (holding that *"Crawford* did not overrule the unbroken line of cases holding that the Confrontation Clause does not operate to exclude pretrial statements made by a witness who actually testifies at trial"); *Somers v. State*, 156 Md.App. 279, 846 A.2d 1065, 1075 n. 1 (2004) (finding no *Crawford* violation because the case did not concern an out-of-court statement (testimonial or otherwise) by the witness and the witness was present at trial and available for cross-examination); *State v. Tate*, 682 N.W.2d 169, 176 n. 1 (Minn. Ct.App. 2004) (stating that because the declarant testified at trial and was subject to cross-examination, the Confrontation Clause did not apply to invalidate the hearsay exception); *People v. Cortes*, 4 Misc.3d 575, 781 N.Y.S.2d 401 (N.Y.Sup.Ct.2004) (stating that, under *Crawford*, a 911 call from a person who testified at trial and was available for cross-examination was admissible, while a 911 call from a person who was unavailable for trial was inadmissible); *Crawford v. State*, 139 S.W.3d 462, 464 (Tex.App.2004) (stating that "[a] careful reading of the *Crawford* opinion reveals that its holding applies only when the

decisions, the Colorado Supreme Court considered a case that is quite similar to the one we are presented with today. *See People v. Argomaniz–Ramirez*, 102 P.3d 1015 (Colo.2004). In *Argomaniz–Ramirez*, the court concluded that prior, out-of-court, videotaped statements made by two children to law enforcement officials were admissible (in a child sexual assault case) because the children were available to testify. *Id.* at 1016. The Colorado court held that "[b]ecause the hearsay declarants will testify at trial and will be subject to cross-examination, admission of their out-of-court statements does not violate the Confrontation Clause. [Additionally,] *Crawford* does not alter ... this important principle." *Id.* at 1018.

[¶ 13.] Carothers, apparently anticipating this interpretation of *Crawford*, moved the trial court to have S.T. declared unavailable as a witness. Carothers argued that "there is little question that the child will be unable to remember and testify at the time of trial as to the statements she gave to a Child's Voice, to law enforcement and to her mother." The trial court, however, deferred ruling on the availability issue until trial, stating that "[i]f any unavailability issues come up, they would come up theoretically during or after [S.T.'s] testimony at trial...." Therefore, whether S.T. is available to testify at trial is a hurdle that has not been reached, and we agree with the trial court that a ruling at this time is premature.

[¶ 14.] We reverse the trial court's interpretation of *Crawford* and conclude that under the Confrontation Clause, prior cross-examination is not required for the admission of a declarant's hearsay statement if the declarant is available and subject to cross-examination at trial.

[¶ 15.] Reversed and remanded.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.

---

extrajudicial testimonial statements of a witness *who does not testify at trial* are sought to be admitted"); *Wiggins v. State*, 152 S.W.3d 656, 659 (Tex.App.2004) (observing that Crawford held that the Confrontation Clause barred from admission into evidence testimonial statements of a witness unless the witness was available to testify, or if the witness was unavailable, if the defendant had had a prior opportunity for cross-examination); *State v. McClanahan*, 2004 WL 723283 *4, n. 12

(2004) (stating that there was no *"Crawford* confrontation issue regarding the admission of the child hearsay statement because the declarant was a witness at trial and the defendant had the opportunity to cross-examine" the declarant); *See also,* Christopher B. Mueller and Laird C. Kirkpatrick, *Federal Evidence* vol. 4, § 398.1, 40 (2d ed., West 1994 and 2004 Supp.) (stating that *"Crawford* indicated that an opportunity at trial to cross-examine the declarant also suffices to satisfy the concerns underlying the Confrontation Clause.")