**Douglas Eugene HANSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–04–00295–CR.

Court of Appeals of Texas, Waco.

Oct. 26, 2005.

Rehearing Overruled Nov. 22, 2005.

Joseph L. Sheppard, Burleson, Richard Alley, Fort Worth, for appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Douglas Eugene Hanson of three counts of aggravated sexual assault of a child and two counts of indecency with a child. The jury assessed his punishment at fifteen years' imprisonment and a $2,000 fine for each of the aggravated sexual assault convictions and ten years' imprisonment and no fine for each of the indecency convictions. Hanson contends in four points that: (1) the court improperly commented on the weight of the evidence in the guilt-innocence charge by referring to the complainant as the "alleged victim" in an instruction regarding extraneous offenses; (2) the court abused its discretion by admitting the complainant's out-of-court statements because the State failed to comply with the outcry statute and because their admission violated his right of confrontation under *Crawford v. Washington*;[1] and (3) his multiple convictions for aggravated sexual assault and for indecency violate the state and federal constitutional protections against double jeopardy (2 points). We will affirm.

### Comment on the Evidence

■ Hanson contends in his first point that the court improperly commented on the weight of the evidence in the guilt-innocence charge by referring to the complainant as the "alleged victim" in an instruction regarding extraneous offenses.

The wording at issue appears in the court's instruction to the jury that it could not consider evidence of extraneous offenses unless the jurors were satisfied beyond a reasonable doubt that Hanson had committed them. The instruction referred to any evidence "regarding the Defendant's having committed offenses against the alleged victim other than the offenses alleged against him in the indictment, or regarding the Defendant's having committed offenses against any other person." Hanson did not object to this instruction.

Because Hanson did not object, he must establish not only that the instruction was erroneous but also that he suffered egregious harm from it. *See Mann v. State*, 964 S.W.2d 639, 641 (Tex.Crim.App.1998); *Steadman v. State*, 160 S.W.3d 582, 585 (Tex.App.-Waco 2005, pet. ref'd).

Article 36.14 of the Code of Criminal Procedure governs the charge to the jury. It requires the trial court to submit its charge "not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX.CODE CRIM. PROC. ANN. art. 36.14 (Vernon Supp.2004–2005).

■ A charge improperly comments on the evidence if it "assumes the truth of a controverted issue." *Whaley v. State*, 717 S.W.2d 26, 32 (Tex.Crim.App.1986); *Jackson v. State*, 105 S.W.3d 321, 326 (Tex. App.-Houston [14th Dist.] 2003, pet. ref'd); *Smith v. State*, 959 S.W.2d 1, 27 (Tex.App.-Waco 1997, pet. ref'd). Thus, a reference in the jury charge to the complainant as "the victim" improperly comments on the evidence. *See Casey v. State*, 160 S.W.3d 218, 229–30 (Tex.App.-Austin 2005, pet. granted);[2] *Veteto v. State*, 8 S.W.3d 805,

---

1. 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

2. One of the issues on which the Court of Criminal Appeals has granted review is "Whether referring to the complainant as the victim of the offense in the jury charge constitutes an impermissible comment on the weight of the evidence when the jury charge tracked the language of the statute." *See Casey v. State*, No. PD–0548–05 (Tex.Crim.

816–17 (Tex.App.-Waco 2000, pet. ref'd); *Talkington v. State*, 682 S.W.2d 674, 675 (Tex.App.-Eastland 1984, pet. ref'd).

Here however, the language in question refers to the complainant as "the *alleged* victim." (emphasis added). Thus, the court's instruction did not assume that the complainant was *in fact* a victim. Accordingly, the instruction was not improper, and we overrule Hanson's first point.

### Outcry Testimony

Hanson contends in his second point that the court abused its discretion by admitting the complainant's out-of-court statements because the State failed to comply with the outcry statute and because their admission violated his right of confrontation under *Crawford v. Washington*.

Article [3] 38.072 permits the admission in evidence of the hearsay statement of a child abuse victim under limited circumstances. Pertinent to Hanson's case, the State must give notice of its intent to offer such a statement at least fourteen days before trial; the State must provide "a written summary of the statement"; the statement must be the first one describing the offense which the complainant made to an adult (eighteen or older) other than the defendant; and the complainant must testify at trial or be available to testify.[4] *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2 (Vernon 2005).

Hanson contends that the outcry witness's testimony should have been exclud-

ed under article 38.072 because: (1) the State failed to give fourteen days' notice; (2) the State failed to provide a sufficiently detailed written summary of the statement; and (3) the person whom the State designated as the outcry witness was not the first adult to whom the complainant made a statement describing the offense.

■ Article 38.072 describes the proper outcry witness as "the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense." *Id.* art. 38.072, § 2(a)(2). The Court of Criminal Appeals has construed this to mean the first adult "to whom the child makes a statement that in some discernible manner describes the alleged offense. [This] statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex.Crim.App.1990). "[A] trial court has broad discretion in determining" the proper outcry witness. *Id.* at 92; *accord Elder v. State*, 132 S.W.3d 20, 26 (Tex.App.-Fort Worth 2004, pet. ref'd).

At a pretrial hearing to determine the admissibility of the outcry testimony, the complainant J.Q. testified that in December 2001 he told his guidance counselor, then his mother, then a therapist that Hanson had "touched [him] in [his] private parts." J.Q. explained that he did not describe this "in any great detail" with any of them. He discussed the incidents in far more detail with an investigator, Geanetta Salter, in February of the following year.[5]

---

App. Sept. 14, 2005) (order granting State's petition for discretionary review).

3. The term "article" as used hereinafter refers to an article of the Code of Criminal Procedure unless otherwise indicated.

4. The statute actually provides that the child must testify or be available to testify "in court or in any other manner provided by law."

TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(3) (Vernon 2005). However, because the complainant in this case testified at trial, we do not address testimony "in any other manner provided by law."

5. The offenses occurred in Texas when the complainant was visiting his grandmother. The complainant lives in Florida. Salter is a

On cross-examination, J.Q. testified that he further discussed the allegations with his parents during the months between the initial report in December and his interview with Salter in February. He testified that he told his father that Hanson had touched his penis and his "butt" but that he did not go into detail because he "didn't really feel comfortable" discussing it with his father.

■ The proper outcry witness is the adult to whom the complainant first tells "how, when, and where" he was assaulted. *See Sims v. State*, 12 S.W.3d 499, 500 (Tex.App.-Dallas 1999, pet. ref'd); *Reed v. State*, 974 S.W.2d 838, 841–42 (Tex.App.-San Antonio 1998, pet. ref'd). Here, J.Q. told his parents and the others with whom he talked before Salter only the general statement that Hanson had touched his "private parts" (using slightly more specific language with his father). There is nothing in the record to suggest that he told them any details about "how, when, and where" Hanson assaulted him. *Id.* Thus, we cannot say that the trial court abused its discretion in determining that Salter was the proper outcry witness. *See Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.-Eastland 2004, pet. ref'd) (complainant told mother and doctor that defendant "had been performing oral sex on him" then later provided details to another adult); *Castelan v. State*, 54 S.W.3d 469, 475–76 (Tex.App.-Corpus Christi 2001, no pet.) (complainant told grandmother that defendant had "put his thing in through the back" then later provided details to counselor); *Sims*, 12 S.W.3d at 500 (complainant told mother that defendant "had touched her private parts" then later provided details to counselor).

■ It is undisputed that the State's outcry notice was untimely, having been given less than a week before trial. When Hanson objected on the basis of the timeliness of the State's notice, the State responded that Hanson's counsel had reviewed Salter's report in the State's file on "a couple of different occasions" and that she had previously told Hanson's counsel that the State intended to designate Salter as the outcry witness. Hanson's counsel did not dispute these assertions and did not claim surprise. In addition, the complainant testified at trial, and Hanson had the opportunity to cross-examine him. Accordingly, the State's untimely notice did not "affect [Hanson's] substantial rights." *See* TEX.R.APP. P. 44.2(b); *Divine v. State*, 122 S.W.3d 414, 419 (Tex.App.-Texarkana 2003, pet. ref'd); *Gabriel v. State*, 973 S.W.2d 715, 719–20 (Tex.App.-Waco 1998, no pet.); *Fetterolf v. State*, 782 S.W.2d 927, 930 (Tex.App.-Houston [14th Dist.] 1989, pet. ref'd).

■ Hanson next contends that Salter's testimony should have been excluded because the State failed to provide a sufficiently detailed written summary of the statement about which she would testify. *See* TEX.CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1)(C). We disagree. The State attached to its outcry notice a copy of Salter's handwritten notes taken during her interview of the complainant. This satisfied the State's obligation to provide a written summary of the statement about which the outcry witness would testify. *See Soto v. State*, 736 S.W.2d 823, 828 (Tex.App.-San Antonio 1987, pet. ref'd); *cf. Biggs v. State*, 921 S.W.2d 282, 285 (Tex. App.-Houston [1st Dist.] 1995, pet. granted) [6] (summary which stated that defen-

---

"child protective investigator" employed by the State of Florida.

**6.** The Court of Criminal Appeals granted discretionary review in *Biggs* without issuing a written opinion, vacated the Court of Appeals'

dant "had sexual contact" with complainant and "exposed his genitals to her" did not provide sufficient detail).

Accordingly, we cannot say that the court abused its discretion by overruling Hanson's objections to Salter's testimony premised on non-compliance with article 38.072.

**Confrontation**

■ Hanson also contends in his second issue that the admission of J.Q.'s out-of-court statements through Salter's testimony violated his Sixth Amendment right of confrontation as interpreted by the Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This appears to be an issue of first impression in Texas.

In *Crawford*, the Supreme Court revisited its prior decision in *Ohio v. Roberts*, in which the Court had held that the admission of the hearsay statement of an unavailable witness does not violate the right of confrontation so long as the statement "falls under a 'firmly rooted hearsay exception' or bears 'particularized guarantees of trustworthiness.'" *See id.* at 60, 124 S.Ct. at 1369 (quoting *Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980)). The Court concluded in *Crawford* that the *Roberts* rationale was not "faithful to the original meaning of the Confrontation Clause." *Id.*

In place of the *Roberts* standard, the Court adopted a two-part test, depending on whether the statement at issue is "testimonial" or "non-testimonial."[7] *Id.* at 68, 124 S.Ct. at 1374.

Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts*, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination.

*Id.*

■ We need not decide whether J.Q.'s statements to Salter are "testimonial" however. "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n. 9, 124 S.Ct. at 1369 n. 9.

J.Q. testified at trial and was cross-examined by Hanson. Therefore, the admission of his prior out-of-court statements to Salter did not violate his right of confrontation. *Id.* As noted, this is an issue of first impression in Texas. However, our holding is consistent with the vast majority of courts in other states which have considered this issue.[8]

judgment, and remanded the case to the lower court to conduct a factual sufficiency review. *See Biggs v. State*, 1997 WL 694914, at *1, 1997 Tex.App. LEXIS 5640 at *1 (Tex. App.-Houston [1st Dist.] Oct. 30, 1997, pet. ref'd) (not designated for publication).

7. The Court left "for another day any effort to spell out a comprehensive definition of 'testimonial.'" *Crawford v. Wash.*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004).

8. *See King v. Ala.*, 2005 Ala.Crim.App. LEXIS 123 at *12 (June 24, 2005); *Cal. v. Martinez*, 125 Cal.App.4th 1035, 1050, 23 Cal.Rptr.3d 508, 519 (Cal.App.3d Dist.2005); *Colo. v. Argomaniz–Ramirez*, 102 P.3d 1015, 1017–19 (Col.2004); *Conn. v. Samuels*, 273 Conn. 541, 568–69, 871 A.2d 1005, 1023 (2005); *Starr v. Ga.*, 269 Ga.App. 466, 468–69, 604 S.E.2d 297, 299 (2004); *Ill. v. Cookson*, 215 Ill.2d 194, 203–04, 294 Ill.Dec. 72, 830 N.E.2d 484, 489–90 (2005); *Mass. v. King*, 445 Mass. 217, 236–37, 834 N.E.2d 1175, 1193 (2005); *El-*

Accordingly, we overrule Hanson's second point.

## Double Jeopardy

Hanson contends in his third point that his convictions for both the second and third counts of the indictment alleging aggravated sexual assault violate the state and federal constitutional protections against double jeopardy. He contends in his fourth point that his convictions for both the fourth and fifth counts of the indictment alleging indecency by ·contact violate the state and federal constitutional protections against double jeopardy. He argues that only one of these aggravated sexual assault convictions and only one of the indecency convictions should be allowed to stand.

■ Before we reach the jeopardy issue however, it must be noted that Hanson did not raise this objection at trial. Hanson will be excused from the ordinary rules of procedural default "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex.Crim.App.2000); *accord Murray v. State*, 24 S.W.3d 881, 888 (Tex.App.-Waco 2000, pet. ref'd).

■ Here, because we have a complete record, "it can be determined from undisputed facts clearly apparent on the face of the record" whether there has been a jeopardy violation. *See Murray*, 24 S.W.3d at 889.

Count two alleges that Hanson committed aggravated sexual assault by causing J.Q.'s penis to contact Hanson's mouth. Count three alleges that Hanson's penis penetrated J.Q.'s anus. Count four alleges that Hanson committed indecency with a child by touching J.Q.'s genitals. Count five alleges that Hanson caused J.Q. to touch Hanson's genitals.

Hanson relies on *Patterson v. State*, in which the Court of Criminal Appeals held that a conviction for an offense listed in section 3.03 of the Penal Code

> bars conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense. For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed.

152 S.W.3d 88, 92 (Tex.Crim.App.2004).

■ As the Austin Court of Appeals has since explained, the issue is whether the "convictions are based on the same act." *Barnes v. State*, 165 S.W.3d 75, 88 (Tex.App.-Austin 2005, no pet.); *accord Elder v. State*, 132 S.W.3d 20, 24–25 (Tex. App.-Fort Worth 2004, pet. ref'd) (conviction based on "same acts" is jeopardy-barred). Thus, if a defendant commits the aggravated sexual assault of a child by penetrating the child's mouth with his penis, then the defendant cannot also be prosecuted for the indecency by contact which necessarily occurred in the course of committing the aggravated sexual assault. *See e.g. Barnes*, 165 S.W.3d at 88; *see also Elder*, 132 S.W.3d at 23–25 (subsequent

kins v. Miss., 2005 Miss.App. LEXIS 483 at *7–8 (July 26, 2005); Gaxiola v. Nev., 119 P.3d 1225, 1230–31 (Nev.2005); N.C. v. Painter, 2005 N.C.App. LEXIS 2000 at *13–18 (Sept. 20, 2005); S.D. v. Carothers, 2005 SD 16, ¶¶ 8–14, 692 N.W.2d 544, 546–49 (2005);

Wash. v. Price, 127 Wash.App. 193, 200–01, 110 P.3d 1171, 1175 (Wash.App. Div. 2 2005); Wis. v. James, 2005 WI App. 188, ¶¶ 9–11, 2005 WI App. 188, ¶¶ 9–11, 703 N.W.2d 727, 732–33 (2005).

conviction for aggravated sexual assault for penetration of child's sexual organ by mouth jeopardy-barred by prior prosecution for indecency by contact relying on same conduct).

Here, counts two and three allege two distinct offenses which cannot be subsumed within each other. Hanson simply misreads *Patterson* when he broadly construes it to allow only a single conviction regardless of the number of criminal acts which occur during "a single sexual encounter." Rather, as the Court of Criminal Appeals explained in *Lopez v. State,* "An actor can be prosecuted for separate violations of TEX. PENAL CODE § 22.021 based on different acts which occur in the same transaction because each act is a separate violation of the child." 108 S.W.3d 293, 300 n. 28 (Tex.Crim.App.2003).

Because counts two and three allege distinct offenses based on different conduct, Hanson's conviction for one of these counts does not bar his conviction for the other also. *See Elder,* 132 S.W.3d at 25; *Murray,* 24 S.W.3d at 889.

In the same manner, counts four and five allege distinct offenses based on different conduct. One alleges that Hanson committed the offense by touching J.Q.'s genitals; the other alleges that Hanson caused J.Q. to touch Hanson's genitals. Thus, Hanson's conviction for one of these counts does not bar his conviction for the other. *Id.*

Accordingly, we overrule Hanson's fourth and fifth points.

We affirm the judgment.

Chief Justice GRAY concurring in the judgment without a separate opinion.