Opinion filed October 29, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed October 29,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00056-CR 

                                                    __________

 

                                   CHESTER LEE FINNEY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. C-34,331

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

The
jury convicted Chester Lee Finney of aggravated sexual assault of a child and
assessed his punishment at confinement for forty-five years.  We affirm.

                                                             I. 
Background Facts








S.W.
testified that Finney raped her during the summer of 2005 when she was six. 
S.W. and her brother lived with their grandmother.  Finney and the grandmother
were dating.  They shared a bedroom while S.W. and her brother shared another
bedroom in the house.  The sexual assault occurred two nights in a row, while
the grandmother worked the night shift at Odessa College.  S.W. alleged that
Finney carried her from her bed to his and the grandmother=s bed, that he dropped his
pants and pulled her pants down, and that he raped her.

                                                                       II. 
Issues

Finney
challenges his conviction with three issues.  Finney argues that the trial
court erred by admitting S.W.=s
videotaped statement, that the trial court erred by admitting two outcry
statements, and that the evidence was insufficient.

                                                                  III. 
Discussion

A.
S.W.=s
Videotaped Statement.

Shawndee
Kennedy, program director at Harmony Home Children=s Advocacy Center, interviewed S.W.  The
interview was videotaped.  The State offered the videotape into evidence, and
Finney objected, contending that it was inadmissible hearsay.  The State
responded that it was admissible as a prior consistent statement under Tex. R. Evid. 801(e)(1)(B).  The trial
court noted that Finney=s
defensive theme was that S.W.=s
testimony was less than truthful.  The court watched the videotape and then admitted
the videotape as a prior consistent statement.

Finney
argues that the trial court erred because the videotape contained testimony
that was inconsistent with S.W.=s
trial testimony.  We review the trial court=s
ruling on the admissibility of evidence under an abuse of discretion standard. Powell
v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). This standard requires
that we uphold a trial court=s
admissibility decision when it is within the zone of reasonable disagreement.  Id.

Prior
consistent statements are not hearsay if offered to rebut an express or implied
charge of recent fabrication or improper influence or motive.  Rule  801(e)(1)(B). 
The Court of Criminal Appeals has held that trial courts have substantial
discretion to permit a prior consistent statement that would otherwise be
hearsay when it has been implied that the victim consciously altered or
fabricated part of her testimony.  Hammons v. State, 239 S.W.3d 798, 805
(Tex. Crim. App. 2007).  Trial courts do not have the benefit of a bright-line
test but must examine whether the questions posed by the cross-examiner, or the
tenor in which the questions were asked, would reasonably infer an intent by
the witness to fabricate.  Id.








The
trial court=s decision
to admit the videotape as a prior consistent statement was not unreasonable. 
Finney does not dispute the trial court=s
characterization of his trial strategy or otherwise deny the appropriateness of
rehabilitation but, instead, complains that the videotape was not wholly
admissible.  He points to a specific inconsistency between S.W.=s live testimony and her
statement.  Near the end of the interview, S.W. said that her grandmother was
the first adult she told about this incident.  But, in her live testimony, she
testified that Tynette Patterson was the first adult.  However, S.W. also
testified that, after confiding to Patterson, Patterson immediately ran with
S.W. in tow to inform her grandmother.  Given S.W.=s age and maturity level, the trial court
could reasonably conclude that the two accounts were substantially the same.

Even
if the trial court erred, Finney can show no harm.  The admission of
inadmissible hearsay is nonconstitutional error.  Lee v. State, 21
S.W.3d 532, 538 (Tex. App.CTyler
2000, pet. ref=d). 
Nonconstitutional errors that do not affect substantial rights are
disregarded.  Id. An error that influences the jury=s verdict violates a
substantial right.  We must, therefore, examine the entire record and determine
if the jury was improperly influenced.  Id.  If the error did not
influence the jury, then it is harmless and must be disregarded.  Id. 
The videotape contained no facts that were not testified to by others.  The
inconsistency between S.W.=s
trial testimony and the videotaped statement was minor; but, to the extent S.W.=s testimony was
inconsistent, this provided Finney with additional grounds to challenge her
credibility B which
was, as the trial court noted, the theme of his defense.  Issue One is
overruled.

B.
Outcry Testimony.

Finney
also complains that the admission of Kennedy=s
interview improperly introduced a second outcry statement.  Outcry statements
are hearsay statements made by the child to the first adult concerning an
alleged offense of sexual assault or abuse.  Tex.
Code Crim. Proc. Ann.
art. 38.072 (Vernon Supp. 2009).  The proper outcry witness is the adult
to whom the complainant first tells Ahow,
when, and where@ the
assault occurred.  Hanson v. State, 180 S.W.3d 726, 730 (Tex. App.CWaco 2005, no pet.).  
Patterson was allowed to testify as the outcry witness.

Finney
alleges that the videotaped statement allowed a second outcry statement because
it included a statement S.W. made to her grandmother.  Finney does not direct
us to any point during trial where this objection was raised.  We have reviewed
the record ourselves and have found no objection raising this issue. 
Consequently, it has not been preserved.  But even if we are in error, the
trial court did not allow two outcry witnesses to testify.








During
Kennedy=s interview,
the following exchange took place:

Kennedy:          Who
was the first adult that you told?

 

S.W.:
              It was my granny.

 

Kennedy:
         And how come you decided to tell granny?

 

S.W.:               Because
I kept telling B I was
tired of them B I got
tired of keeping it in my mind.

 

Kennedy:          Okay. 
What did granny say when you told her?

 

S.W.:               She
kept on telling me B
she kept telling me what he did and then she said, I=m going to take you to the doctor and then she
took me to the doctor and she said, now, I have to talk to the police and
report what happened.  I told them and then that=s
all, then I came over here.

 

S.W.=s vague and nonspecific
response did not introduce a second outcry statement.  Issue Two is overruled.

C.
Legal and Factual Sufficiency.

In
his final issue, Finney attacks the sufficiency of the evidence.  To determine
if the evidence is legally sufficient, we must review all of the evidence in
the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all the evidence in a neutral
light and determine whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).








The
State was required to prove that Finney intentionally or knowingly caused his
sexual organ to contact S.W.=s
sexual organ.  S.W.=s
testimony, if accepted by the jury, was both legally and factually sufficient
to satisfy this burden.  See Tex.
Code Crim. Proc. Ann.
art. 38.07 (Vernon 2005).  S.W. specifically testified that Finney raped her. 
Although she admitted that she did not know what rape meant at the time of the
assault, she knew its meaning before the outcry to  Patterson, the forensic
interview, and her trial testimony.  She testified that Finney pulled down her
pants and panties, that he touched her with his Athingy,@ that his Athingy@ was next to her private
area, and that he then began Ahunching@ her by rotating up and
down.  She later repeated herself, testifying that, while Finney Ahunched@ her, his Athingy@ was in contact with her
private area.

The
jury weighs the credibility of witnesses and can freely believe or reject any
and all testimony presented.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  The jury was, therefore, free to accept S.W.=s testimony and reject
Finney=s testimony
that he was never alone with S.W.  After examining the facts in the light most
favorable to the verdict, the jury could rationally believe beyond a reasonable
doubt that Finney committed aggravated sexual assault by contact. 
Additionally, under a neutral review, the evidence was neither so weak that it
made the verdict manifestly unjust and clearly wrong nor was it against the
great weight and preponderance of the evidence. Finney=s third issue is overruled.

                                                        IV. 
Holding 

 
The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 29, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.