**Opinion filed October 29, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00056-CR**

_____

**CHESTER LEE FINNEY, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-34,331**

**M E M O R A N D U M   O P I N I O N**

The jury convicted Chester Lee Finney of aggravated sexual assault of a child and assessed his punishment at confinement for forty-five years. We affirm.

### I. *Background Facts*

S.W. testified that Finney raped her during the summer of 2005 when she was six. S.W. and her brother lived with their grandmother. Finney and the grandmother were dating. They shared a bedroom while S.W. and her brother shared another bedroom in the house. The sexual assault occurred two nights in a row, while the grandmother worked the night shift at Odessa College. S.W.

alleged that Finney carried her from her bed to his and the grandmother's bed, that he dropped his pants and pulled her pants down, and that he raped her.

## II. *Issues*

Finney challenges his conviction with three issues. Finney argues that the trial court erred by admitting S.W.'s videotaped statement, that the trial court erred by admitting two outcry statements, and that the evidence was insufficient.

## III. *Discussion*

### A. S.W.'s Videotaped Statement.

Shawndee Kennedy, program director at Harmony Home Children's Advocacy Center, interviewed S.W. The interview was videotaped. The State offered the videotape into evidence, and Finney objected, contending that it was inadmissible hearsay. The State responded that it was admissible as a prior consistent statement under TEX. R. EVID. 801(e)(1)(B). The trial court noted that Finney's defensive theme was that S.W.'s testimony was less than truthful. The court watched the videotape and then admitted the videotape as a prior consistent statement.

Finney argues that the trial court erred because the videotape contained testimony that was inconsistent with S.W.'s trial testimony. We review the trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). This standard requires that we uphold a trial court's admissibility decision when it is within the zone of reasonable disagreement. *Id.*

Prior consistent statements are not hearsay if offered to rebut an express or implied charge of recent fabrication or improper influence or motive. Rule 801(e)(1)(B). The Court of Criminal Appeals has held that trial courts have substantial discretion to permit a prior consistent statement that would otherwise be hearsay when it has been implied that the victim consciously altered or fabricated part of her testimony. *Hammons v. State*, 239 S.W.3d 798, 805 (Tex. Crim. App. 2007). Trial courts do not have the benefit of a bright-line test but must examine whether the questions posed by the cross-examiner, or the tenor in which the questions were asked, would reasonably infer an intent by the witness to fabricate. *Id*.

The trial court's decision to admit the videotape as a prior consistent statement was not unreasonable. Finney does not dispute the trial court's characterization of his trial strategy or

2

otherwise deny the appropriateness of rehabilitation but, instead, complains that the videotape was not wholly admissible. He points to a specific inconsistency between S.W.'s live testimony and her statement. Near the end of the interview, S.W. said that her grandmother was the first adult she told about this incident. But, in her live testimony, she testified that Tynette Patterson was the first adult. However, S.W. also testified that, after confiding to Patterson, Patterson immediately ran with S.W. in tow to inform her grandmother. Given S.W.'s age and maturity level, the trial court could reasonably conclude that the two accounts were substantially the same.

Even if the trial court erred, Finney can show no harm. The admission of inadmissible hearsay is nonconstitutional error. *Lee v. State*, 21 S.W.3d 532, 538 (Tex. App.—Tyler 2000, pet. ref'd). Nonconstitutional errors that do not affect substantial rights are disregarded. *Id*. An error that influences the jury's verdict violates a substantial right. We must, therefore, examine the entire record and determine if the jury was improperly influenced. *Id*. If the error did not influence the jury, then it is harmless and must be disregarded. *Id*. The videotape contained no facts that were not testified to by others. The inconsistency between S.W.'s trial testimony and the videotaped statement was minor; but, to the extent S.W.'s testimony was inconsistent, this provided Finney with additional grounds to challenge her credibility – which was, as the trial court noted, the theme of his defense. Issue One is overruled.

*B. Outcry Testimony*.

Finney also complains that the admission of Kennedy's interview improperly introduced a second outcry statement. Outcry statements are hearsay statements made by the child to the first adult concerning an alleged offense of sexual assault or abuse. TEX. CODE CRIM. PROC. ANN. art. 38.072 (Vernon Supp. 2009). The proper outcry witness is the adult to whom the complainant first tells "how, when, and where" the assault occurred. *Hanson v. State*, 180 S.W.3d 726, 730 (Tex. App.—Waco 2005, no pet.). Patterson was allowed to testify as the outcry witness.

Finney alleges that the videotaped statement allowed a second outcry statement because it included a statement S.W. made to her grandmother. Finney does not direct us to any point during trial where this objection was raised. We have reviewed the record ourselves and have found no objection raising this issue. Consequently, it has not been preserved. But even if we are in error, the trial court did not allow two outcry witnesses to testify.

During Kennedy's interview, the following exchange took place:

Kennedy:      Who was the first adult that you told?

S.W.:      It was my granny.

Kennedy:      And how come you decided to tell granny?

S.W.:      Because I kept telling – I was tired of them – I got tired of keeping it in my mind.

Kennedy:      Okay. What did granny say when you told her?

S.W.:      She kept on telling me – she kept telling me what he did and then she said, I'm going to take you to the doctor and then she took me to the doctor and she said, now, I have to talk to the police and report what happened. I told them and then that's all, then I came over here.

S.W.'s vague and nonspecific response did not introduce a second outcry statement. Issue Two is overruled.

*C. Legal and Factual Sufficiency.*

In his final issue, Finney attacks the sufficiency of the evidence. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

The State was required to prove that Finney intentionally or knowingly caused his sexual organ to contact S.W.'s sexual organ. S.W.'s testimony, if accepted by the jury, was both legally and factually sufficient to satisfy this burden. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005). S.W. specifically testified that Finney raped her. Although she admitted that she did not know what rape meant at the time of the assault, she knew its meaning before the outcry to

Patterson, the forensic interview, and her trial testimony. She testified that Finney pulled down her pants and panties, that he touched her with his "thingy," that his "thingy" was next to her private area, and that he then began "hunching" her by rotating up and down. She later repeated herself, testifying that, while Finney "hunched" her, his "thingy" was in contact with her private area.

The jury weighs the credibility of witnesses and can freely believe or reject any and all testimony presented. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The jury was, therefore, free to accept S.W.'s testimony and reject Finney's testimony that he was never alone with S.W. After examining the facts in the light most favorable to the verdict, the jury could rationally believe beyond a reasonable doubt that Finney committed aggravated sexual assault by contact. Additionally, under a neutral review, the evidence was neither so weak that it made the verdict manifestly unjust and clearly wrong nor was it against the great weight and preponderance of the evidence. Finney's third issue is overruled.

IV. <em>Holding</em>

The judgment of the trial court is affirmed.

RICK STRANGE

JUSTICE

October 29, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.