**AFFIRMED; Opinion Filed March 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-01118-CR

---

### GONZALO HERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F11-52654-Y

---

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

This is an appeal from a jury conviction for continuous sexual abuse of a child. In three issues, Gonzalo Hernandez asserts the trial court erred in allowing two outcry witnesses to testify against him when he was charged with a single offense and in assessing court costs when no proper bill of costs was included in the record. Finding no reversible error, we affirm the trial court's judgment.

### I. BACKGROUND

Hernandez was charged by indictment which alleged he abused his niece, K.H., by committing two or more acts of sexual contact and assault during a period of thirty or more days.

*See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2013). The charge arose after K.H. disclosed the abuse to her school counselor and subsequently to a forensic interviewer at the Dallas Children's Advocacy Center (DCAC).

## A. Designation of Outcry Witness

Prior to trial, the State gave Hernandez notice that it intended to call both the counselor and the DCAC interviewer as outcry witnesses pursuant to article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3) (West Supp. 2013) (allowing the first adult, other than the defendant, to whom the child victim describes the offense to testify as to the child's hearsay statements). Arguing there could be only one outcry witness because he was charged with a single offense, Hernandez asserted the school counselor, as the first adult to whom his niece disclosed the abuse, was the proper outcry witness. The trial court held a hearing, and both the counselor and interviewer testified regarding what K.H. told them.

According to the counselor, K.H. described generally the abuse, stating only that Hernandez penetrated and touched her several times at his home. K.H. was unclear about when the abuse began, but the counselor was able to determine the abuse had occurred over a four-month period. By contrast, the interviewer testified she was unable to determine how long the abuse occurred, but was able to obtain specific details about the abuse. She testified K.H. related five incidents to her. The first incident, which involved contact, occurred the morning after her aunt's––Hernandez's wife's––birthday. K.H. had spent the night in her cousin's room, but she awoke in Hernandez's bed. The second incident occurred when K.H. was alone at her home with her younger brother. Hernandez came over to pick up some tools and took her into the bathroom where he assaulted her. The third incident, involving penetration, occurred on the couch in her living room and the fourth incident, involving touching, occurred at her house also. Both happened while her older brother went to get a movie. The last incident occurred the

Sunday before the interview. K.H. was invited to Hernandez's home for doughnuts and was getting a shoe from her cousin's room when Hernandez assaulted her.

Based on the counselor's testimony as to the duration of the abuse and the interviewer's testimony as to the details of the abuse, the trial court concluded both the counselor and the interviewer were proper outcry witnesses and could testify as to what K.H. told them. Hernandez objected to the designation of the interviewer as an outcry witness, but the trial court overruled the objection.

*B. The Trial*

At trial, K.H. testified she was nine years old and lived with her family next door to Hernandez and his family. According to K.H., the touching began when she was eight years old and in the third grade. The incidents of touching were spread out over time and occurred more than fifteen times. She described in detail the incident that occurred the morning after her aunt's birthday, the incident that occurred in the bathroom, another incident involving penetration, and an incident involving contact. Asked if she could identify Hernandez in court, she stated she could not. She admitted she was nervous, however, and it was hard to talk about what happened. Out of the jury's presence, the trial judge noted for the record she was "clearly terrified" and was so "terrified" that he "could have allowed closed-circuit testimony" or "other procedures . . . such as toys and blankets."

The DCAC interviewer testified as to two of the same incidents to which K.H. testified–the incident following her aunt's birthday and the bathroom incident. The DCAC interviewer also described the incident that occurred the day K.H. was invited to eat doughnuts and an additional incident involving penetration.

Testifying similarly to her testimony at the pre-trial hearing, the counselor related that K.H. generally described the abuse as contact and penetration. Her understanding was the abuse occurred after school at Hernandez's home.

Dr. Matthew Cox, a pediatrician with the "Referral and Evaluation of At-Risk Children (REACH)" program at Children's Medical Center, testified K.H. was examined by a colleague, Dr. Suzanne Dakil, at the request of the DCAC interviewer. In her report, which was admitted into evidence, Dr. Dakil noted K.H. stated she had been "sexually assaulted" multiple times over the past year and specifically described an act of penetration that occurred when she was invited to eat doughnuts at Hernandez's home.

Detective Abel Lopez, the arresting officer, testified he interviewed Hernandez and found Hernandez calm and "not surprised" by the allegations. Hernandez admitted he touched his niece inappropriately more than once and had her touch him, but he denied assaulting her.

Hernandez did not testify, but called his mother-in-law, wife, and brother as witnesses. These three witnesses testified the police did not talk to them as part of the investigation. In addition, Hernandez's wife testified the police did not come to their home to investigate. She stated their home, a trailer, offered no privacy and denied K.H. spent the night at their home on her birthday. Hernandez's mother-in-law testified she took care of K.H. and did not remember an occasion when K.H. was left alone with her younger brother.

Following the verdict of guilty and punishment testimony, the jury assessed a forty year sentence. The trial court entered judgment accordingly and assessed $239 in court costs.

## II. OUTCRY WITNESS TESTIMONY

Relying on his trial argument that the counselor was the only proper outcry witness, Hernandez argues in his first two issues that the court erred in allowing the DCAC interviewer's testimony and he was harmed as a result.

## A. Standard of Review

A trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion. *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). An abuse of discretion occurs where the ruling is not reasonably supported by the record or correct under any theory of law applicable to the case. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005). However, an appellate court will conclude an error in the admission of evidence is harmless if, after examining the record as a whole, it is fairly assured the error did not substantially influence the jury. *See Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).

## B. Applicable Law

Article 38.072 of the code of criminal procedure governs the admissibility of outcry witness testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. To be admissible under article 38.072, outcry testimony must be elicited from the first adult, other than the defendant, to whom the child victim made the outcry. *See id.* § 2(a)(3); *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011). The outcry must be more than just words generally alluding to abuse; it must describe the offense in some discernible manner. *Lopez*, 343 S.W.3d at 140. Proper outcry will tend to include the "how, when, and where" of the assault and is "event-specific" not "person-specific." *See id.*; *Hanson v. State*, 180 S.W.3d 726, 730 (Tex. App.-–Waco 2005, no pet.). Because proper outcry is "event-specific," multiple outcry witnesses may testify about separate acts of abuse committed by the defendant against the child. *See Lopez*, 343 S.W.3d at 140; *Tear v. State*, 74 S.W.3d 555, 559 (Tex. App.-–Dallas 2002, pet. ref'd).

## C. Application of Law to Facts

In arguing that the DCAC interviewer was not a proper outcry witness, Hernandez notes that the counselor, the first adult to whom K.H. disclosed the abuse, testified that K.H. told her that Hernandez had committed acts of both penetration and touching, several times, at his house,

during a four month period. Hernandez argues this testimony was sufficient to establish the charged offense–-a single offense–-and, as such, qualified the counselor as the only proper outcry witness.  In response, the State asserts the court's ruling was correct because the counselor testified as to incidents that occurred at Hernandez's home while the interviewer testified as to incidents that occurred at K.H.'s home also.

We need not determine whether the trial court properly designated the DCAC interviewer as an outcry witness, however, because we conclude any error was harmless. K.H. testified in detail as to four instances of abuse, and the report of Dr. Dakil, who examined K.H. following the disclosure of abuse, specifically recounted an assault that occurred when K.H. was invited for doughnuts to Hernandez's home.  Additionally, the arresting officer testified Hernandez admitted to inappropriate touching.  Although K.H. did not identify Hernandez in open court, the trial judge described her on the record as so "terrified" that he "could have allowed closed-circuit testimony" or "toys and blankets."  Viewing the record as a whole, we are fairly assured that any error in the admission of the DCAC interviewer's testimony did not substantially influence the jury. *See*, *e.g.*, *Borque v. State*, 156 S.W.3d 675, 676-77 (Tex. App.-–Dallas 2005, pet. ref'd) (concluding any error in admission of counselor's hearsay testimony of abuse harmless based on child's explicit and detailed testimony of abuse).  We resolve Hernandez's first and second issues against him.

### III. COURT COSTS

Hernandez's third issue concerns the trial court's assessment of costs.  Hernandez's complaint stems from the lack of a bill of costs in the original clerk's record.  He asserts costs cannot be assessed without a bill.  He further asserts, in two objections filed subsequent to his brief, that the bill of costs contained in a supplemental record is not "proper" and cannot support the amount of costs assessed because "there is no indication [it] was ever filed in the trial court

or brought to the attention of the trial judge before the costs were entered in the judgment." Similar arguments, however, were recently considered and rejected by the court of criminal appeals in *Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *5-6 (Tex. Crim. App. Feb. 26, 2014). In light of *Johnson*, we conclude Hernandez's arguments are without merit and resolve this issue against him.

## IV. CONCLUSION

Having resolved Hernandez's three complaints against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121118F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GONZALO HERNANDEZ, Appellant

No. 05-12-01118-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-52654-Y.
Opinion delivered by Justice Lang.   Justices
Moseley and Brown participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered this 21st day of March, 2014.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE