**The PEOPLE of the State of Colorado, Petitioner,**

v.

**JUVENILE COURT, CITY AND COUNTY OF DENVER; and one of the Judges thereof, Honorable David Ramirez, Respondents.**

No. 97SA22.

Supreme Court of Colorado,
En Banc.

April 28, 1997.

As Modified on Denial of Rehearing
May 19, 1997.

---

A. William Ritter, Jr., District Attorney, Second Judicial District, Nathan B. Coats, Chief Appellate Deputy District Attorney, Denver, for Petitioner.

Barbara S. Blackman, Denver, for Defendant T.W.

Chief Justice VOLLACK delivered the opinion of the Court.

The People brought this original proceeding pursuant to C.A.R. 21 seeking emergency relief in the nature of mandamus or prohibition to correct an order issued by the Juvenile Court for the City and County of Denver (the juvenile court) denying the People's motion to admit hearsay statements pursuant to section 13–25–129, 6A C.R.S. (1987 & 1996 Supp.). We issued a rule to show cause and now make that rule absolute.

## I.

On June 5, 1996, Robert Suiter (Suiter), a counselor at the Gilliam Youth Center (Gilliam), was summoned to the dining room table of a thirteen-year-old male resident (B.B.). B.B. told Suiter that he had been raped. Suiter removed B.B. from the table and took him to the office of his supervisor, Richard Sandoval (Sandoval). In the presence of Suiter and Sandoval, B.B. stated that at approximately 3:40 a.m. on June 2, 1996, he was sexually assaulted by his twelve-year-old male roommate (T.W.) in their room. B.B. further stated that T.W. threatened to kill him if he did not allow the assault to proceed. The Gilliam staff notified the police that same day, whereupon Officer Kim Pfannkuch (Officer Pfannkuch) of the Denver Police Department proceeded to Gilliam where she interviewed B.B. about the alleged assault. On July 18, 1996, B.B. gave another account of the assault to Detective Avis Laurita (Detective Laurita) of the Denver Police Department's sexual assault unit.

On July 24, 1996, T.W. was charged by a petition in delinquency with first degree sexual assault in violation of section 18–3–402(1)(b), 8B C.R.S. (1986). On September 17, 1996, the People filed a motion, pursuant to section 13–25–129, to admit the testimony of Suiter, Sandoval, Officer Pfannkuch, Detective Laurita, and others detailing B.B.'s numerous accounts of the assault. In support of the motion to admit this hearsay evidence, the People presented summaries of the offered testimony and expressed that B.B. would testify at the trial.

A hearing was held before the juvenile court on November 19, 1996. The People called Detective Laurita, Officer Pfannkuch, and Suiter as witnesses, all of whom were

cross-examined by counsel for T.W. The juvenile court issued its written order on December 18, 1996. In its order, the juvenile court found:

> At the November 19th hearing, the District Attorney did not call upon the victim to testify. He did not present any other evidence of the sexual assault such as medical reports. The only evidence offered was the hearsay statements themselves. Because the victim did not testify and because no corroborative evidence of the sexual assault was presented, the District Attorney has failed to demonstrate that the victim is competent. The reliability of the hearsay statements themselves cannot be considered, as the second part of the test, that of the competency of the victim, has not been shown.

Consequently, the juvenile court denied the People's motion to admit evidence pursuant to section 13–25–129.

## II.

Section 13–25–129 provides the exclusive basis for admitting out-of-court statements made by a child who is the victim of an unlawful sexual offense when the statements are not otherwise admissible under any other specific hearsay exception created by statute or court rule. *See People v. Bowers,* 801 P.2d 511, 517 (Colo.1990). Section 13–25–129 provides in relevant part:

> (1) An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration ... performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense ... if:
>
> (a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and

> (b) The child either:
>
> (I) Testifies at the proceedings; or
>
> (II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.
>
> (2) If a statement is admitted pursuant to this section, the court shall instruct the jury in the final written instructions that during the proceeding the jury heard evidence repeating a child's out-of-court statement and that it is for the jury to determine the weight and credit to be given the statement and that, in making the determination, the jury shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.
>
> (3) The proponent of the statement shall give the adverse party reasonable notice of his intention to offer the statement and the particulars of the statement.

§ 13–25–129, 6A C.R.S. (1987 & 1996 Supp.).

In enacting section 13–25–129, the General Assembly sought to address the prosecutorial difficulties encountered when a child, as the victim of a sexual assault, is the only witness to the crime. *See Stevens v. People,* 796 P.2d 946, 951 (Colo.1990). While section 13–25–129 permits the admission of otherwise inadmissible hearsay evidence in order to facilitate prosecution, the statute's requirements also safeguard the accused's right to confront the witnesses testifying against him. *See Bowers,* 801 P.2d at 517; *People v. Diefenderfer,* 784 P.2d 741, 746–48 (Colo.1989).[1]

The juvenile court, apparently reading the statutory language "at the proceedings" found in section 13–25–129(1)(b)(I) as requiring B.B.'s testimony at the hearing, found that B.B. was incompetent because he did not testify and because his out-of-court statements were not corroborated. In essence, the juvenile court interpreted section 13–25–129(1)(b)(I) to require B.B.'s testimony at both the hearing and the trial. We disagree with the juvenile court's interpretation of section 13–25–129(1)(b)(I).

---

**1.** In certain cases, section 13–25–129 prevents a defendant from exercising his constitutional right to confront an adverse witness face-to-face. *See People v. District Court,* 776 P.2d 1083, 1086 (Colo.1989); U.S. Const. amend. VI; Colo. Const. art. II, sec. 16. In the case at bar, the People expressed in its section 13–25–129 motion that B.B. would testify at the trial. Therefore, T.W.'s constitutional right to confront B.B. has not been implicated.

The purpose of a section 13–25–129 hearing is not to determine the victim's competency.[2] Rather, two determinations must be made at the section 13–25–129 hearing in order to admit the victim's out-of-court statements. First, the court must weigh the "time, content, and circumstances" of the out-of-court statements to determine whether "sufficient safeguards of reliability" exist to permit their admission into evidence. *See* § 13–25–129(1)(a); *Bowers*, 801 P.2d at 518. Second, the court must determine whether the victim is available to testify. *See* § 13–25–129(1)(b)(I). In the event the victim is unavailable, additional corroboration is necessary to support the act which is the subject of the out-of-court statements. *See* § 13–25–129(1)(b)(II); *Diefenderfer*, 784 P.2d at 751.

The People attempted to meet the section 13–25–129 requirements by (1) presenting the witnesses and their offered testimony to establish that B.B.'s out-of-court statements were reliable; and (2) expressing that B.B. was available to testify. Contrary to the juvenile court's order, section 13–25–129(1)(b)(I) does not require that B.B. testify repeatedly throughout the proceedings.[3] When the People represented that B.B. would testify at trial, the availability requirements of section 13-25-129(1)(b)(I) were conditionally met. Of course, B.B. must testify at trial to satisfy the condition. It is not necessary that B.B. testify at some subsequent hearing; he must testify only at the trial, as represented.

### III.

We hold that after it became known that B.B. would testify at the trial, the re-

quirements of section 13–25–129(1)(b)(I) were conditionally satisfied because B.B. was available. For this reason, the juvenile court abused its discretion when it relied upon section 13–25–129(1)(b) to deny the People's motion to admit hearsay statements. Additionally, the juvenile court was obligated to consider the reliability of the offered out-of-court statements pursuant to section 13–25–129(1)(a) but failed to do so. *See Bowers*, 801 P.2d at 518 ("[T]he plain terms of section 13–25–129(1)(a) require the trial court to make findings on whether the statutory conditions of admissibility have been established *before* the statement is admitted into evidence.").

Accordingly, we make the rule to show cause absolute.

---

2. The competency of a witness is usually determined when the victim's testimony is presented at trial. *See* § 13–90–106(1)(a), 6A C.R.S. (1987) (persons who are "of unsound mind at the time of their production" are incompetent to testify as witnesses). However, courts have the discretion to consider the competency of a child-victim in a variety of settings, including separate hearings. *See Bowers*, 801 P.2d at 519–20. In this case, the juvenile court incorrectly considered B.B.'s competency at the section 13–25–129 hearing because the People were never given any notice, until the juvenile court's order, that B.B.'s competency was at issue. We also note that B.B.'s advanced age makes the issue of his competency less problematic than is often the case with youn-

ger victims of sexual abuse. *See* § 13–90–106(1)(b), 6A C.R.S. (1987 & 1996 Supp.) (addressing competency standards for children under ten years of age); *Diefenderfer*, 784 P.2d at 748–51.

3. Similarly, the victim may satisfy section 13–25–129(1)(b)(I) by testifying at any other stage of the proceedings, so long as the defendant is afforded the opportunity to cross-examine the victim. This serves the dual purposes of section 13–25–129 by protecting the victim from the trauma of giving repeated testimony while safeguarding the defendant's right to confront his accuser. *See Bowers*, 801 P.2d at 517.