The PEOPLE of the State
of Colorado, Plaintiff,

v.

Martin ARGOMANIZ–RAMIREZ,
Defendant.

No. 04SA105.

Supreme Court of Colorado,
En Banc.

Dec. 6, 2004.

---

A. William Ritter, Jr., District Attorney, Robert J. Whitley, Chief Appellate Deputy District Attorney, Denver, for Plaintiff.

David S. Kaplan, Colorado State Public Defender, Jason C. Middleton, Deputy State Public Defender, Denver, for Defendant.

MULLARKEY, Chief Justice.

## I. Introduction

In this original proceeding, we apply the recent decision of the United States Supreme Court in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We conclude that, consistent with the Con-

frontation Clause, prior recorded statements made by children to law enforcement officials may be introduced into evidence when the children testify at trial.

## II. Facts and Procedural History

Martin Argomaniz–Ramirez was charged with one count of sexual assault on a child-pattern of abuse,[1] and one count of criminal attempt to commit sexual assault on a child,[2] that allegedly occurred with two young girls when Argomaniz–Ramirez and his family were living in the basement of the family home of one of the children. Both girls were under ten years old at the time of the alleged crimes. Prior to the trial, the prosecution moved for admission of four out-of-court statements pursuant to section 13–25–129, C.R.S. (2004), the child hearsay statute. Two of the statements were videotaped interviews, one with each child, by Detective Scott Goldberg that took place on February 10, 2003. The other two were statements made by one child to her parents.

A hearing on the prosecution's motion was initially conducted on February 25, 2004. At that time, the trial court ruled all four statements admissible, making lengthy findings of sufficient safeguards of reliability as is required by section 13–25–129(1)(a). The United States Supreme Court issued its opinion in *Crawford* on March 8, 2004. On March 15, 2004, the day the trial was set to commence, the defense moved for reconsideration of the evidentiary ruling in light of the *Crawford* decision. This time, the court upheld the order admitting the two statements made by one girl to her parents because it found them to be "nontestimonial." However, the court excluded the two videotaped interviews with Detective Goldberg, which it deemed "testimonial" and thus covered by *Crawford*. With respect to the videotapes, the trial court found:

> that the holding in *Crawford* is directed toward not just the opportunity to confront those individuals who make prior statements during a trial, but the opportunity to confront those individuals at the time that the prior statements are made.

1. § 18–3–405(1), C.R.S. (2004).

2. § 18–2–101, C.R.S. (2004).

Based upon that reading of *Crawford,* the trial court determined. the videotaped interviews were inadmissible even though both children were scheduled to testify at trial.

The prosecution appealed the trial court's second ruling directly to this court, asking us to invoke our original jurisdiction under C.A.R. 21. We issued a rule to show cause why the trial court's evidentiary ruling should not be reversed. Because we find that the trial court erred in applying *Crawford* to the videotaped statements, we now make the rule absolute.

### III. Jurisdiction and Standard of Review

■ C.A.R. 21 authorizes this court to exercise original jurisdiction to determine whether a trial court has abused its discretion or is proceeding without or in excess of its jurisdiction when no other adequate appellate remedy exists. *People v. Miller,* 25 P.3d 1230, 1231 (Colo.2001). We have exercised our original jurisdiction when a pretrial ruling places a party at a "significant disadvantage in litigating the merits of the controversy." *Mitchell v. Wilmore,* 981 P.2d 172, 175 (Colo.1999). In the present case, excluding these important pieces of evidence may significantly hamper the prosecution and there is no adequate appellate remedy. Even if the prosecution prevailed on a post-trial appeal on a matter of law, under section 16–12–102(1), C.R.S. (2004), double jeopardy principles would bar retrial of the defendant. Given the important consequence of an erroneous trial court ruling and recognizing that the application of *Crawford* to child hearsay is a matter of first impression in Colorado, we exercise our original jurisdiction to decide this case.

### IV. Analysis

■ The child hearsay statute permits out-of-court statements made by a child describing sexual contact to be admitted in a proceeding where a child is the victim of an alleged sexual offense, if the court finds the statement to be sufficiently reliable, and the child declarant testifies at trial. § 13–25–129(1)(b)(I), C.R.S. (2004). The United States Constitution guarantees a criminal defendant the right to confront the "witnesses against him." U.S. Const. amend. VI. The defense contends, and the trial court agreed, that the admission of the videotaped statements pursuant to the child hearsay statute violates the defendant's right to confrontation because he was not provided an opportunity to cross-examine the children *at the time* they made the statements. The trial court's application of the Confrontation Clause is erroneous, as an analysis of both our decisions and those of the United States Supreme Court will demonstrate.

Decades ago, in *California v. Green,* 399 U.S. 149, 151, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the United States Supreme Court rejected the contention that introduction of prior statements of a witness, that were not subject to cross-examination when originally made, violated the Confrontation Clause. Reviewing prior caselaw, and the history and purposes behind the Confrontation Clause, the Court concluded that "where the declarant is not absent, but is present to testify and to submit to cross-examination ... the admission of his out-of-court statements does not create a confrontation problem." *Id.* at 162, 90 S.Ct. 1930. Relying on the reasoning in *Green,* the Colorado Supreme Court held that prior statements made to a police investigator could be admitted even if the witness did not remember making them. *People v. Pepper,* 193 Colo. 505, 508, 568 P.2d 446, 448 (1977) ("Where a witness takes the stand and is available for cross-examination, the witness' actual or feigned memory loss regarding prior inconsistent statements does not violate a defendant's confrontation right."). These principles have been followed in subsequent decisions as well. *See United States v. Owens,* 484 U.S. 554, 560, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988) (Introduction of victim's out-of-court identification of the assailant does not violate Confrontation Clause where victim testifies even though he suffers from memory loss because "traditional protections of the oath, cross-examination and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements."); *People v. Juvenile Court,* 937 P.2d 758, 760 n. 1 (Colo.1997) (evidence admitted pursuant to section 13–25–129 did not implicate defendant's constitutional right to con-

frontation because child declarant was scheduled to testify.).

*Crawford* reexamined and redefined the scope of the Confrontation Clause, and the safeguards necessary to satisfy its requirements when the hearsay declarant is unavailable at trial. It did nothing to vitiate the principles concerning declarants who do testify at trial that were established by *Green* and the other cases cited above. In *Crawford*, the Court held that admission of out-of-court statements made by the defendant's wife to the police violated the Confrontation Clause. The defendant's wife had been precluded from testifying at trial by the marital privilege. The state supreme court below had determined that the wife's statements bore sufficient "guarantees of trustworthiness" to be admissible, even though the defendant had not had a prior opportunity for cross-examination.

The Supreme Court overruled the portion of its decision in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), that had authorized the admission of hearsay statements based on findings of particularized guarantees of trustworthiness.[3] Instead, the Court made a distinction between testimonial and nontestimonial statements and, after a lengthy review of the history of the Confrontation Clause, concluded that "[t]estimonial statements of witnesses *absent from trial* have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford,* 124 S.Ct. at 1369 (emphasis added). Although the Court declined to define the outer limits of "testimonial," it did firmly assert that police interrogations would qualify. *Id.* at 1374.

Although the Court found the opportunity for cross-examination to be the essential requirement of the Confrontation Clause, it did not hold that all testimonial statements must be subject to cross-examination at the time they were made. To the contrary, if the declarant will appear at trial, cross-examination on the witness stand remains sufficient. The Supreme Court was careful to explain that *Crawford* did not apply to instances where a witness testifies at trial. The opinion explicitly reaffirmed the *Green* decision, stating

> Finally, we reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements ... The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

*Id.* at 1369 n. 9.[4] Thus, *Crawford* does not affect the analysis for admission of out-of-court statements where the declarant testifies at trial.

In the present case, the prosecution has made repeated assurances that both children will testify at trial, and we base our decision on those assurances. Because the hearsay declarants will testify at trial and will be subject to cross-examination, admission of their out-of-court statements does not violate the Confrontation Clause. *Crawford* does not alter or overrule the line of cases that established this important principle. *See, e.g., Green,* 399 U.S. at 164, 90 S.Ct. 1930; *Owens,* 484 U.S. at 557–558, 108 S.Ct. 838; *Pepper,* 193 Colo. at 507, 568 P.2d 446; *People v. Juvenile Ct.,* 937 P.2d at 760 n. 1.

The defendant argues that because a portion of the child hearsay statute also authorizes the admission of certain out-of-court statements when the child declarant is un-

3. We adopted the *Roberts* test in *People v. Dement,* 661 P.2d 675, 681 (Colo.1983). Shortly after the Supreme Court's decision in *Crawford,* we rejected the *Roberts* "particularized guarantees of trustworthiness" analysis adopted in *Dement* and employed in subsequent cases. *See People v. Fry,* 92 P.3d 970, 976 (Colo.2004).

4. The trial court discounted this portion of the opinion, stating that is was merely "intended as an effort to rebuff and address the concerns raised by the Chief Justice in his concurring opinion ..." While it may be true that the major-

ity was reacting to the concurrence, it appears it was responding to the Chief Justice's accusation that "the Court itself cites state cases from the early 19th century that took a more stringent view of the right to confrontation than does the Court, prohibiting former testimony even if the witness was subjected to cross-examination." *Id.* at 1376 (Rehnquist, C.J., concurring). The majority's comments clarify that, by citing those cases, it was not adopting the more stringent view.

available for trial, it is unconstitutional under the holding in *Crawford*. § 13–25–129(1)(b)(II). This is not the situation that the defendant himself faces, however, and he therefore may not raise this argument. *See People v. Kibel*, 701 P.2d 37, 43 (1985) ("A party does not have standing to challenge the constitutionality of a statute unless that party is directly affected by the alleged constitutional defect."). We pass no judgment on the constitutionality of that portion of the child hearsay statute at this time.

## V. Conclusion

 Because the admission of prior out-of-court statements made by a witness who is testifying at trial and is subject to cross-examination does not violate a defendant's right to confrontation, we hold that the video-taped statements of both children are admissible. Accordingly, we make our rule absolute and order the trial court to vacate its order precluding the introduction into evidence of the videotapes.