The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Eugene Robert TRUJILLO, Defendant–Appellant.

No. 06CA0697.

Colorado Court of Appeals, Div. V.

June 10, 2010.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2009.

John W. Suthers, Attorney General, John D. Seidel, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant Eugene Robert Trujillo's sole contention on appeal is that the trial court erred by admitting the victim's hearsay statements under section 13–25–129, C.R.S. 2009. Trujillo asserts that the statute should be interpreted as applying to victims who were "less than fifteen years of age at the time of the offense," and here the victim was sixteen years old when he allegedly assaulted her.

We interpret this phrase as applying only to victims of incest under section 18–6–301, C.R.S.2009, which was not charged here. Rather, because Trujillo was charged with aggravated incest, § 18–6–302, C.R.S.2009, and sexual assault on a child by one in a position of trust, § 18–3–405.3, C.R.S.2009, we discern no evidentiary error, and we affirm the judgment of conviction entered on jury verdicts finding him guilty of both offenses.

## I. Background

Before trial, the prosecution moved to admit separate hearsay statements that the victim, Trujillo's daughter, had made about the assault to her mother, a physician, and a social worker. After a hearing, the trial court found that the statements were admissible under section 13–25–129.[1] They were presented to the jury, although the victim also testified at trial.

## II. Section 13–25–129

Statutory interpretation is a question of law that we review de novo. *Klinger v. Adams County Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo.2006).

We must adopt the construction that "best effectuates the intent of the General Assembly and the purposes of the legislative scheme." *State v. Nieto,* 993 P.2d 493, 501 (Colo.2000). Where the language is clear, we do not look beyond the plain meaning of the words or resort to other rules of statutory construction. *Slack v. Farmers Ins. Exch.,* 5 P.3d 280, 284 (Colo.2000). But if the statute is reasonably susceptible to multiple interpretations, it is ambiguous, and we apply principles of statutory interpretation.

---

1. Trujillo does not challenge the trial court's findings on reliability under section 13–25–129(1)(a).

*Williams v. Kunau,* 147 P.3d 33, 36 (Colo. 2006).

■■■ "When construing a statute we look to the statutory design as a whole, giving effect to the language of each provision and section, harmonizing apparent conflicts, if possible." *University of Colorado v. Booth,* 78 P.3d 1098, 1101 (Colo.2003). A court "should reject interpretations that cause parts of a statute to be superfluous, and should attempt to harmonize any potentially conflicting provisions." *In re Regan,* 151 P.3d 1281, 1290–91 (Colo.2007).

■■ In resolving ambiguity, a court may consider the legislative history and legislative declaration or purpose. § 2–4–203(1)(c), (g), C.R.S.2009. However, the court may not interpret a statute in a manner that produces an absurd result. *People v. Cross,* 127 P.3d 71, 74 (Colo.2006).

Section 13–25–129 creates a hearsay exception for certain statements made by a child victim who testifies at trial:

> (1) An out-of-court statement made by a child, as child is defined under the statutes which are the subject of the action, describing any act of sexual contact, intrusion, or penetration, as defined in section 18–3–401, C.R.S., performed with, by, on, or in the presence of the child declarant ... is admissible in evidence in any criminal, delinquency, or civil proceedings in which a child is a victim of an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S., or is a victim of incest, as defined in section 18–6–301, C.R.S., *when the victim was less than fifteen years of age at the time of the commission of the offense,* or in which a child is the subject of a proceeding alleging that a child is neglected or dependent under section 19–1–104(1)(b)....

(Emphasis added.)

■■ Here, Trujillo argues that the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense" applies to victims of any unlawful sexual offense under section 18–3–411(1), C.R.S.2009, not only to victims of incest. Under his interpretation, the victim's hearsay statements were inadmissible because

she was sixteen years old at the time of the assault and the charged offenses are listed in section 18–3–411(1). We reach a different interpretation.

### A. Ambiguity

Initially, we reject Trujillo's argument that section 13–25–129 is unambiguous. Trujillo asserts that the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense" must be construed as applying both to victims of incest and to victims of an unlawful sexual offense. He relies on the following statement in *Estate of David v. Snelson,* 776 P.2d 813, 818 (Colo.1989):

> When a referential or qualifying clause follows several words or phrases and is applicable as much to the first word or phrase as to the others in the list ... the clause should be applied to all of the words or phrases that preceded it.

We decline to apply this statutory construction rule to avoid ambiguity for three reasons.

First, section 13–25–129 does not present a comparable structure of several terms in a list, with the last term followed by a qualifier. Rather, this section addresses child declarants in three circumstances: (1) "a victim of an unlawful sexual offense," (2) "a victim of incest," or (3) "the subject of a proceeding ... under section 19–1–104(1)(b)." But the qualifier appears between (2) and (3), not after (3).

Second, in *Snelson,* the supreme court invoked this rule after it had concluded that the statute at issue was ambiguous. The court described it as only one of "a number of rules of statutory construction" guiding its statutory interpretation. *Id.* at 817; *but see Fullerton v. County Court,* 124 P.3d 866, 870 (Colo.App.2005) (citing *Snelson* to resolve ambiguity).

Third, unlike in *Snelson,* 776 P.2d at 818, here the phrase "when the victim was less than fifteen years of age" does not apply "as much to the first word or phrase as to the others in the list." As explained in Part IIC below, imposing this age restriction on all unlawful sexual offenses listed in section 18–

3–411(1) would create a conflict because section 13–25–129 defers to the definition of child provided in "the statutes which are the subject of the action," some of which protect child victims who are older than fifteen years of age.

In this regard, Trujillo's reliance on section 2–4–214, C.R.S.2009, is misplaced. It provides that the last antecedent rule—"relative and qualifying words and phrases, where no contrary intention appears, are construed to refer solely to the last antecedent with which they are closely connected"—does not create any presumption of statutory intent. But section 2–4–214 does not create a contrary presumption that qualifying words apply to all preceding words or phrases. Nor has any case so interpreted it.

Absent such a presumption, the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense" could be read as applying either to victims of incest or to both victims of an unlawful sexual offense and victims of incest. Its placement after the latter could be explained because both categories describe criminal proceedings, while the third circumstance involves civil proceedings in dependency or neglect. Thus, we conclude that section 13–25–129 is ambiguous and turn to principles of statutory interpretation.

### B. Legislative History

In 2003, SB 03–147 amended section 13–25–129(1) by adding the phrase at issue here:

OR IS A VICTIM OF INCEST, AS DEFINED IN SECTION 18–6–301, C.R.S., WHEN THE VICTIM WAS LESS THAN FIFTEEN YEARS OF AGE AT THE TIME OF THE COMMISSION OF THE OFFENSE.

Ch. 134, sec. 5, 2003 Colo. Sess. Laws 973–74. Before this amendment, section 13–25–129 applied to victims of aggravated incest, as one of the offenses listed in 18–3–411, but not

to victims of incest under section 18–6–301 because incest was not listed.

During testimony before the Senate Judiciary Committee, a representative of the Colorado District Attorneys Council explained that the intent of SB 03–147 was "to amend [sic] the same authority to incest cases that we currently have on ... aggravated incest cases." Hearings on S.B. 03–147 before the Senate Judiciary Committee, SCR 358, 64th Gen. Assemb., 1st Sess. (Feb. 4, 2003) (9:56:24–9:56:47). Similarly, in testimony before the House Judiciary Committee, a representative of the Attorney General explained that SB 03–147:

[D]eal[s] with scenarios ... where special evidentiary exceptions are made when it is a child that is involved as the victim.... What this does is it expands it to fit so that it excludes children who are also victims of incest. You probably wonder, well, isn't that person also a child sexual assault victim. Yes, but the scenario becomes where the defense will sometimes argue that it's applicable on some charges, but not applicable as to the other charges of incest. So this makes it clear so that it's applicable whenever there is a child, it doesn't matter if the charges are incest or sexual assault on a child.

Hearings on S.B. 03–147 before the House Judiciary Committee, HCR 0111, 64th Gen. Assemb., 1st Sess. (Feb. 27, 2003) (3:03:56–3:05:22).[2]

However, because the legislative history does not explain why the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense" was included in the amendment, we consider other aids to statutory construction.

### C. Construing Statutes as a Whole to Avoid Conflict

■ Consistent with the general principle that courts should give effect to every provi-

---

2. Consistent with this testimony, SB 03–147 also amended three related statutes to include the crime of incest. *See* § 18–3–413(1), C.R.S.2009 (Videotape depositions-children-victims of sexual offenses) (SB 03–147 added "OR INCEST, AS DEFINED IN SECTION 18–6–301"); § 18–3–413.5, C.R.S.2009 (Use of closed circuit television-child victims of sexual offenses) (SB 03–147 added "OR INCEST, AS DEFINED IN SECTION 18–6–301"); § 18–3–414, C.R.S.2009 (Payment of treatment costs for the victim or victims of a sexual offense against a child) (SB 03–147 added "OR OF INCEST, AS DEFINED IN SECTION 18–6–301, WHEN THE VICTIM WAS UNDER THE AGE OF FIFTEEN AT THE TIME OF THE COMMISSION OF THE OFFENSE").

sion of a statute while avoiding conflicts, *University of Colorado*, 78 P.3d at 1101,

> provisions introduced by an amendatory act should be read together with provisions of the original section that were reenacted or left unchanged as if they had been originally enacted as one section. Effect is to be given to each part, and they are interpreted so they do not conflict.

1A Norman J. Singer, *Sutherland Statutory Construction* § 22:34 (6th ed. 2000).

 Here, SB 03–147 did not change any of the original language in section 13–25–129. Thus, when reading this statute, we must give effect to the phrase: "An out-of-court statement made by a child, *as child is defined under the statutes which are the subject of the action*" (emphasis added). But were we to extend the "less than fifteen years of age" restriction to all unlawful sexual offenses under section 18–3–411(1), as Trujillo urges, a conflict would result because section 18–3–411(1) lists offenses involving child victims older than fifteen years of age.[3] And doing so would render the phrase "as child is defined under the statutes which are the subject of the action" purposeless. For these reasons, we interpret the phrase "when the victim was less than fifteen years of age" in section 13–25–129(1) as applying only to a victim of incest under section 18–6–301.

This interpretation is consistent with the structure of section 13–25–129 and its cross-reference to section 18–3–411. Section 18–3–411(1) uses the modifier "when the victim at the time of the commission of the act is a child less than fifteen years of age" after many of the specific statutes it lists. Had the General Assembly intended that the phrase "when the victim was less than fifteen years of age" in section 13–25–129 modify both unlawful sexual offenses and incest, it could have clearly done so by adding the phrase after the reference to section 18–3–411(1) as well as after the reference to section 18–6–301. *Cf. People v. Daniels*, 240 P.3d 409, 412 (Colo.App.2009) ("[W]hen the

General Assembly sought to have a modifier apply to each term ..., it did so expressly.").

This interpretation also furthers the purpose of section 13–25–129 to "provide[ ] the exclusive basis for admitting out-of-court statements *made by a child* who is the victim of an unlawful sexual offense...." *People v. Juvenile Court*, 937 P.2d 758, 760 (Colo.1997) (emphasis added). All but one of the offenses listed in section 18–3–411 already apply only to child victims[4], albeit defined using different ages. For example, under the aggravated incest statute, " 'child' means a person under twenty-one years of age," § 18–6–302(1)(a), while other relatives must be "under ten years of age," § 18–6–302(1)(b). But because section 18–6–301 defines incest to include a perpetrator's own children "twenty-one years of age or older" and to other relatives of the perpetrator without any age restriction, it is not limited to child victims. Thus, including the phrase "when the victim was less than fifteen years of age" after the incest statute in section 13–25–129(1) provides a limitation consistent with section 18–3–411(1).

Trujillo's argument that this interpretation causes an absurd result, because admissibility of child hearsay depends on the crime charged rather than on the victim's age, is unpersuasive. Because some of the statutes incorporated in section 13–25–129 through section 18–3–411(1) use different ages to delimit the term child, its application varied depending on the crime charged before the amendment. Thus, the result that Trujillo decries as absurd could occur under the original language. *See People v. Gookins*, 111 P.3d 525, 528 (Colo.App.2004) (explaining that because "section 13–25–129 incorporates the definition of 'child' contained in the statutes defining the substantive charge," it results in varying definitions of that term, such as "less than fifteen years of age," "fifteen years of age or older but less than eighteen years of age," and "under twenty-one years

---

3. For example, section 18–3–411(1) includes nine offenses related to child prostitution, where "child" means a person under the age of eighteen years. *See* § 18–7–401(2), C.R.S.2009 (definitions applying to Part 4 of Article 7 offenses for child prostitution).

4. Section 18–7–302, the indecent exposure statute, is not limited to child victims.

of age"). The legislative history of the amendment does not indicate an intent to address this anomaly.

Nor are we persuaded by Trujillo's citation to *People v. Moreno,* 160 P.3d 242, 246 n. 2 (Colo.2007), that quoted section 13–25–129(1) as follows:

(1) An out-of-court statement made by a child, . . . describing any act of sexual contact, intrusion, or penetration, . . . performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal . . . proceeding[ ] in which a child is a victim of an unlawful sexual offense . . . when the victim was less than fifteen years of age at the time of the commission of the offense . . . , if. . . .

(Ellipses in original.) In *Moreno,* the supreme court concluded that section 13–25–129 was unconstitutional to the extent that it allowed "the admission of out-of-court testimonial statements without the defendant being afforded an opportunity to cross-examine the declarant." 160 P.3d at 246. The court did not interpret the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense." Indeed, in quoting the statute it omitted the phrase "or is a victim of incest, as defined in section 18–6–301, C.R.S." Thus, the partial quotation on which Trujillo relies is not instructive.

Accordingly, because we conclude that the phrase "when the victim was less than fifteen years of age at the time of the commission of the offense" in section 13–25–129(1) applies only to a victim of incest under 18–6–301, we necessarily also conclude that the trial court did not err by admitting the victim's hearsay statements under section 13–25–129.

The judgment is affirmed.

Judge RUSSEL and Judge GABRIEL concur.