IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00029-CR

 

Ex
parte Jose Jesus Gonzalez

 

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 23223CR

 



Opinion



 








            Jose Jesus Gonzalez filed a
habeas application under article 11.072 of the Code of Criminal Procedure
seeking relief from a deferred adjudication order for indecency with a child.  The
court denied Gonzalez’s application without a hearing.  Gonzalez contends in
his sole issue that the court erred by resolving controverted facts against him
without first conducting an evidentiary hearing.  We will affirm.

Article 11.072

            Article 11.072, section 6
provides in pertinent part:

(a) Not later than the 60th day after
the day on which the state’s answer is filed, the trial court shall enter a written
order granting or denying the relief sought in the application.

 

(b) In making its determination, the
court may order affidavits, depositions, interrogatories, or a hearing, and may
rely on the court’s personal recollection.

 

(c) If a hearing is ordered, the hearing
may not be held before the eighth day after the day on which the applicant and
the state are provided notice of the hearing.

 

Tex. Code Crim.
Proc. Ann. art. 11.072, § 6(a)-(c)
(Vernon 2005).[1]

            Based on the language of
subsection (b) alone, the Fort Worth Court of Appeals has concluded that no
evidentiary hearing is required under article 11.072.  Ex parte Cummins,
169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.).  We agree with that
conclusion, but we find further support for it in cases construing a similar
provision in article 11.07.[2]

            Article 11.07, section 3(d)
provides in pertinent part, “To resolve [controverted fact] issues the court
may order affidavits, depositions, interrogatories, additional forensic
testing, and hearings, as well as using personal recollection.”  Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3(d) (Vernon Supp. 2009).

            This language in article
11.07, section 3(d) has long been construed to mean that a trial court is not
required to conduct an evidentiary hearing to resolve controverted material
fact issues in a postconviction habeas proceeding.  See Ex parte
Davila, 530 S.W.2d 543, 545 (Tex. Crim. App. 1975) (op. on reh’g); In re
Banister, No. 07-09-00117-CV, 2009 WL 1160966, at *1 (Tex. App.—Amarillo Apr. 30, 2009,
orig. proceeding) (mem. op.); In re J.W.A., No. 03-03-00464-CV, 2005 WL
2574024, at *4 (Tex. App.—Austin Oct. 13, 2005, no pet.) (mem. op.).

            “[W]hen a legislature
reenacts a law using the same terms that have been judicially construed in a
particular manner, one may reasonably infer that the legislature approved of
the judicial interpretation.”  State v. Medrano, 67 S.W.3d 897, 902
(Tex. Crim. App. 2002).

Herrera Claims

            The Beaumont Court of
Appeals has recently held that an evidentiary hearing is required under article
11.072 if the habeas applicant makes a Herrera claim[3]
supported by newly discovered, affirmative evidence of innocence and the trial
judge before whom the habeas application is pending did not preside over the
applicant’s trial.[4] 
See Ex parte Franklin, 310 S.W.3d 918, 921-23 (Tex. App.—Beaumont
2010, no pet.).  The Beaumont Court cited Ex parte Brown, 205 S.W.3d 538
(Tex. Crim. App. 2006), and Ex parte Franklin, 72 S.W.3d 671 (Tex. Crim.
App. 2002),[5]
as compelling this conclusion.  In our view, however, the cited authorities do
not require an evidentiary hearing if the habeas judge is the same judge who
presided over the applicant’s trial, and we do not address whether an
evidentiary hearing is required if a different judge is called upon to decide
the habeas application.

            In Franklin, the
Court of Criminal Appeals addressed the quality of newly discovered evidence
required to even raise a controverted fact issue on a Herrera claim.

A conviction that results from a
constitutionally error-free trial is entitled to the greatest respect. 
Accordingly, we hold that when an applicant asserts a Herrera-type claim
based on newly discovered evidence, the evidence presented must constitute
affirmative evidence of the applicant’s innocence.  Once the applicant provides
such evidence, it is then appropriate to proceed with a determination of
whether the applicant can prove by clear and convincing evidence that no
reasonable juror would have convicted him in light of the newly discovered
evidence.

 

Franklin, 72 S.W.3d at 677-78 (emphasis added)
(citation and footnote omitted).

            Later, in Brown, the
Court of Criminal Appeals cited this paragraph in a discussion regarding an
applicant’s “entitlement” to a hearing on a Herrera claim.

In Ex parte Franklin, this Court
held that, before a habeas applicant is entitled to a hearing, the
applicant must make a claim that, if true, establishes affirmative evidence of
his innocence.  Then, at the hearing, the trial judge assesses the witnesses’
credibility, examines the “newly discovered evidence,” and determines whether
that “new” evidence, when balanced against the “old” inculpatory evidence,
unquestionably establishes the applicant’s innocence.  The habeas judge then
sets out findings of fact and conclusions of law, and he makes a recommendation
to this Court.  Upon submission to this Court, we review the factual findings
with deference because the habeas judge is in the best position to make
credibility judgments.  Even though deference is the prescribed standard, we
are not bound by the habeas judge’s findings, conclusions, or recommendations
when they are not supported by the record.

 

Brown, 205 S.W.3d at 546 (emphasis added) (footnotes omitted).

            It is not this Court’s place
to second guess the Court of Criminal Appeals.  Nevertheless, it does not
appear that that court actually subscribes to the principle that a habeas
applicant is automatically entitled to a hearing if he produces affirmative
evidence of innocence.  For example, on May 19, 2010, the Court addressed a
habeas application in which the applicant alleged ineffective-assistance claims
and a claim “that he is actually innocent because the complainant recanted.”  See
Ex parte Culpepper, No. WR-66,569-03, slip op. at 1 (Tex. Crim. App. May
19, 2010) (per curiam) (not designated for publication).  The Court remanded
the matter to the trial court for further proceedings, but did not require the
trial court to conduct a hearing.

            Applicant has alleged facts
that, if true, might entitle him to relief.  In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex.
Crim. App. 1960), the trial court is the appropriate forum for findings of
fact.  The trial court shall order Applicant’s trial counsel to respond to
Applicant’s claim of ineffective assistance of counsel.  The trial court may
use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 

            If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If he
is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent him at the hearing.

 

            The trial court shall first
make findings of fact as to: (1) whether the complainant recanted and, if so,
whether her recantation is credible; (2) whether the State made a plea offer of
ten years and, if so, whether that offer was timely conveyed to Applicant; and
(3) whether counsel investigated the complainant’s allegations.  The trial
court shall then make conclusions of law as to whether counsel was deficient
and, if so, whether his deficient performance prejudiced Applicant.  Finally, the
trial court shall make conclusions of law as to whether Applicant has
established that he is actually innocent.  The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claims for habeas corpus relief.

 

Id., slip op. at 1-2 (emphasis added) (citations omitted).

            Therefore, we hold that an
evidentiary hearing is not required under article 11.072 for a Herrera
claim supported by newly discovered, affirmative evidence of innocence if the
trial judge before whom the habeas application is pending also presided over
the applicant’s trial.

Conclusion

            As with article 11.07, the
legislature invested trial courts with broad discretion with regard to the
means by which controverted fact issues may be resolved in habeas proceedings
under article 11.072.  We infer that the legislature approved of the manner in
which the Court of Criminal Appeals and other courts have construed this
discretion under article 11.07 when the legislature chose to employ similar
language in article 11.072.  See Cummins, 169 S.W.3d at 757 (“because
the language of articles 11.07 and 11.072 are very similar, we believe that the
legislature intended for article 11.072 applications to be treated much like
applications submitted under article 11.07”); see also Medrano, 67
S.W.3d at 902.  Therefore,
we hold that no evidentiary hearing is required by article 11.072 to resolve
controverted facts if the
trial judge before whom the habeas application is pending also presided over
the applicant’s trial.  See
Cummins, 169 S.W.3d at 757; see also Davila, 530 S.W.2d at 545; Banister,
2009 WL 1160966, at *1; J.W.A.,
2005 WL 2574024, at *4.

Here, the trial court considered
Gonzalez’s application, the State’s answer, the court’s records, and the
court’s personal recollection before making its findings of fact.  Nothing more
is required.

We overrule Gonzalez’s sole issue and
affirm the order denying his habeas application.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed August 11, 2010

Publish

[CR25]









[1]
              Article 11.072
provides “procedures for an application for a writ of habeas corpus in a felony
or misdemeanor case in which the applicant seeks relief from an order or a
judgment of conviction ordering community supervision.”  Tex. Code Crim. Proc. Ann. art. 11.072,
§ 1 (Vernon 2005).

 





[2]
              Article 11.07
provides procedures for a habeas application following a felony conviction in
which the applicant received a prison sentence but not the death penalty.  See
id. art. 11.07, § 1 (Vernon Supp. 2009); Ex parte Brown, 662
S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam).





[3]
              The Court of
Criminal Appeals recognizes two types of “innocence” claims: (1) a Herrera
claim, which is “a substantive claim in which applicant asserts his bare claim
of innocence based solely on newly discovered evidence”; and (2) a Schlup
claim, which “is a procedural claim in which applicant’s claim of innocence
does not provide a basis for relief, but is tied to a showing of constitutional
error at trial.”  Ex parte Franklin, 72 S.W.3d 671, 675 (Tex. Crim. App.
2002) (citing Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed.
2d 808 (1995); Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853, 122 L.
Ed. 2d 203 (1993)) (other citations omitted).  The recantation of a witness
raises a Herrera claim.  See id. at 678 n.7.

 





[4]
              The Beaumont Court
expressly left open “the question of whether a habeas court is required to have
a hearing when the habeas court has personal knowledge of the prior trial
proceedings.”  Ex parte Franklin, 310 S.W.3d 918, 923 n.5 (Tex.
App.—Beaumont 2010, no pet.).  The court distinguished the Fort Worth Court’s
decision in Cummins because the applicant in Cummins raised an
ineffective-assistance claim rather than a Herrera claim.  See id.
at 922-23.

 





[5]
              The Franklin
case decided by the Court of Criminal Appeals arose from the conviction of
Brian Edward Franklin for aggravated sexual assault of a child in Tarrant
County, while the Franklin case decided by the Beaumont Court of Appeals
arose from the conviction of Tracy Franklin for aggravated sexual assault of a child
in Jefferson County.







          As the Austin Court of Appeals has
since explained, the issue is whether the “convictions are based on the same
act.”  Barnes v. State, 165 S.W.3d 75, 88 (Tex. App.—Austin 2005, no
pet.); accord Elder v. State, 132 S.W.3d 20, 24-25 (Tex. App.—Fort Worth
2004, pet. ref’d) (conviction based on “same acts” is jeopardy-barred).  Thus,
if a defendant commits the aggravated sexual assault of a child by penetrating
the child’s mouth with his penis, then the defendant cannot also be prosecuted
for the indecency by contact which necessarily occurred in the course of
committing the aggravated sexual assault.  See e.g. Barnes, 165 S.W.3d
at 88; see also Elder, 132 S.W.3d at 23-25 (subsequent conviction for
aggravated sexual assault for penetration of child’s sexual organ by mouth
jeopardy-barred by prior prosecution for indecency by contact relying on same
conduct).

          Here, counts two and three allege two
distinct offenses which cannot be subsumed within each other.  Hanson simply
misreads Patterson when he broadly construes it to allow only a single
conviction regardless of the number of criminal acts which occur during “a
single sexual encounter.”  Rather, as the Court of Criminal Appeals explained
in Lopez v. State, “An actor can be prosecuted for separate violations
of Tex. Penal Code § 22.021 based
on different acts which occur in the same transaction because each act is a
separate violation of the child.”  108 S.W.3d 293, 300 n.28 (Tex. Crim. App. 2003).

          Because counts two and three allege
distinct offenses based on different conduct, Hanson’s conviction for one of
these counts does not bar his conviction for the other also.  See Elder,
132 S.W.3d at 25; Murray, 24 S.W.3d at 889.

          In the same manner, counts four and
five allege distinct offenses based on different conduct.  One alleges that
Hanson committed the offense by by touching J.Q.’s genitals; the other alleges that
Hanson caused J.Q. to touch Hanson’s genitals.  Thus, Hanson’s conviction for
one of these counts does not bar his conviction for the other.  Id.

          Accordingly, we overrule Hanson’s
fourth and fifth points.

We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring in the judgment without a separate opinion)

Affirmed

Opinion delivered and
filed October 26, 2005

Publish

[CR25]









[1]
          541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).





[2]
          One of the issues on which the
Court of Criminal Appeals has granted review is “Whether referring to the
complainant as the victim of the offense in the jury charge constitutes an
impermissible comment on the weight of the evidence when the jury charge
tracked the language of the statute.”  See Casey v. State, No. PD-0548-05
(Tex. Crim. App. Sept. 14, 2005) (order granting State’s petition for
discretionary review).

 





[3]
          The term “article” as used
hereinafter refers to an article of the Code of Criminal Procedure unless
otherwise indicated.

 





[4]
          The statute actually provides
that the child must testify or be available to testify “in court or in any
other manner provided by law.”  Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b)(3) (Vernon 2005).  However,
because the complainant in this case testified at trial, we do not address
testimony “in any other manner provided by law.”

 





[5]
          The offenses occurred in Texas when the complainant was visiting his grandmother.  The complainant lives in Florida.  Salter is a “child protective investigator” employed by the State of Florida.

 





[6]
          The Court of Criminal Appeals
granted discretionary review in Biggs without issuing a written opinion,
vacated the Court of Appeals’ judgment, and remanded the case to the lower
court to conduct a factual sufficiency review.  See Biggs v. State, 1997
 Tex. App. LEXIS 5640 at *1 (Tex. App.—Houston [1st Dist.] Oct. 30, 1997, pet.
ref’d) (not designated for publication).

 





[7]
          The Court left “for another day
any effort to spell out a comprehensive definition of ‘testimonial.’”  Crawford
v. Wash., 541 U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).

 





[8]
          See King v. Ala., 2005 Ala. Crim. App. LEXIS 123 at *12 (June 24, 2005); Cal. v. Martinez, 125 Cal. App.
4th 1035, 1050, 23 Cal. Rptr. 3d 508, 519 (Cal. App. 3d Dist. 2005); Col. v.
Argomaniz-Ramirez, 102 P.3d 1015, 1017-19 (Col. 2004); Conn. v. Samuels,
273 Conn. 541, 568-69, 871 A.2d 1005, 1023 (2005); Starr v. Ga., 269 Ga.
App. 466, 468-69, 604 S.E.2d 297, 299 (2004); Ill. v. Cookson, 215 Ill.
2d 194, 203-04, 830 N.E.2d 484, 489-90 (2005); Mass. v. King, 445 Mass.
217, 236-37, 834 N.E.2d 1175, 1193 (2005); Elkins v. Miss., 2005 Miss.
App. LEXIS 483 at **7-8 (July 26, 2005); Gaxiola v. Nev., 119 P.3d 1225,
1230-31 (Nev. 2005); N.C. v. Painter, 2005 N.C. App. LEXIS 2000 at
**13-18 (Sept. 20, 2005); S.D. v. Carothers, 2005 SD 16, ¶¶ 8-14, 692
N.W.2d 544, 546-49 (2005); Wash. v. Price, 127 Wash. App. 193, 200-01,
110 P.3d 1171, 1175 (Wash. App. Div. 2 2005); Wis. v. James, 2005 WI
App. 188, ¶¶ 9-11, 2005 WI App. 188, ¶¶ 9-11, 703 N.W.2d 727, 732-33 (2005).