

NUMBER 13-13-00558-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES THOMPSON,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

By two issues, appellant James Thompson challenges his conviction of three counts of aggravated sexual assault of a child (Counts I-III) and one count of indecency with a child (Count IV). *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(A), (2)(B), 21.11(a) (West, Westlaw through 2013 3d C.S.). Count Four was enhanced to a first-degree felony by two prior felony convictions. The case was tried to a jury, which returned a verdict of

guilty on all counts. The trial court assessed punishment on all counts at life imprisonment in the Texas Department of Criminal Justice—Institutional Division, court costs, and no fine. *See id.* § 12.42(c)(2)(A)(i) (providing for mandatory life sentence for habitual offenders subsequently convicted of certain offenses). The trial court ordered the sentence on Count III to run consecutively to the sentences on the other counts. We affirm.

## I. BACKGROUND

J.J., the ten-year-old minor complainant in this case, lived in an apartment with his grandmother Teresa, her roommate Brenda Johnson, and Johnson's son, Robert McGorlick.[1] Teresa testified that J.J.'s mother, Teresa's daughter K.S., would occasionally live with them. Teresa described K.S. as addicted to heroin and "constantly in and out of the hospital and basically living on the street." In November or December of 2012, McGorlick entered a romantic relationship with appellant, a co-worker he met while working at Denny's. Teresa testified that appellant stayed over in the apartment "a few times."

After a hearing outside the presence of the jury, and over appellant's objections, the trial court judge designated Teresa as the outcry witness under article 38.072, § 2(a) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a) (West, Westlaw through 2013 3d C.S.). According to Teresa, on February 12, 2013, J.J. and K.S. were having an argument and J.J. "just really got out of control." K.S. and J.J. went outside for approximately ten minutes. When they returned, K.S. told J.J. to tell Teresa "what you told me." In response to Teresa's extensive questions, J.J. told her that

---

[1] We will refer to the minor complainant and his mother by their initials to protect the complainant's privacy.

2

appellant had touched J.J.'s penis and that he had inserted his penis into J.J.'s anus. J.J. told Teresa that this occurred both at Teresa's apartment and at appellant's apartment in Robstown, Texas. There was no evidence in the record regarding the specifics of what J.J. told K.S. during the ten minutes they were outside the apartment.

J.J. also testified at trial. J.J. testified to all of the information that Teresa's testimony contained plus additional details and instances of abuse. J.J. also told the jury that appellant twice touched J.J.'s penis with his mouth and once forced J.J. to "suck on" appellant's penis. During one of J.J.'s visits to appellant's apartment, appellant inserted his penis into J.J.'s anus while J.J. lay naked on his hands and knees on appellant's bed. J.J. described witnessing appellant place lotion on appellant's penis before inserting it. At another time, appellant inserted his finger into J.J.'s anus. J.J. also told the court that he observed appellant and McGorlick having sexual contact, but that they apparently were not aware that J.J. was watching.

## II. OUTCRY TESTIMONY

By his first issue, appellant challenges the trial court's decision to permit Teresa to testify regarding what J.J. told her because she was not the proper outcry witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a).

### A. Standard of Review and Applicable Law

In prosecutions for certain offense against children, "[a]rticle 38.072 allows the first person to whom the child described the offense in some discernible manner to testify about the statements the child made." *Yebio v. State*, 87 S.W.3d 193, 198 (Tex. App.—Texarkana 2002, pet. ref'd). Article 38.072 acts as an exception to the hearsay rule. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd).

3

We review the decision to admit an outcry statement for abuse of discretion. *Robinett v. State*, 383 S.W.3d 758, 761 (Tex. App.—Amarillo 2012, no pet.). "A trial court has broad discretion in determining the admissibility of the proper outcry witness. The exercise of that discretion will not be disturbed unless a clear abuse of that discretion is established by the record." *Reyes*, 274 S.W.3d at 727 (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990) (en banc)); *accord Hanson v. State*, 180 S.W.3d 726, 729 (Tex. App.—Waco 2005, no pet.). Article 38.072 requires that "the statements be made: (1) by the child against whom the offense was allegedly committed; and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense." *Reyes*, 274 S.W.3d at 727. The Texas Court of Criminal Appeals has construed this language to mean that the proper outcry witness is the first adult person "to whom the child makes a statement that in some discernible manner describes the alleged offense. . . . [T]he statement must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia*, 792 S.W.2d at 91; *see Castelan v. State*, 54 S.W.3d 469, 475 (Tex. App.—Corpus Christi 2001, no pet.) (applying *Garcia*). In other words, the proper outcry witness is the first adult, other than the accused, to whom the complainant told the "how, when, and where" of the offense. *Hanson*, 180 S.W.3d at 729. Article 38.072 also requires that "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on time, content, and circumstances of the statement." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2). The statute is mandatory, and the trial court commits error if it overrules a hearsay objection without first conducting the hearing. *Moore v. State*, 233 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

4

**B. Analysis**

Appellant argues that the trial court abused its discretion when it designated Teresa as the outcry witness under section 2 of article 38.072 without inquiring into what J.J. told K.S. before he spoke to Teresa. Appellant asserts that K.S. was likely the proper outcry witnesses because K.S. told J.J. to tell Teresa "what you told me," which indicates that J.J. communicated more than a "general allusion that something in the area of child abuse was going on." *See Garcia*, 792 S.W.2d at 91.

The State responds that the trial court did not abuse its discretion because there was sufficient evidence for the trial court judge to find that Teresa was the first person to whom J.J. communicated more than a "general allusion" of abuse. The State argues that the Texas Court of Criminal Appeals affirmed the trial court's designation of the outcry witness in *Garcia*, a case with similar facts. *See id.* at 91–92. The seven-year-old complainant in that case first spoke to her first grade teacher about the abuse for approximately the same amount of time that J.J. spent with K.S. outside of Teresa's apartment. *Id.* at 90. The teacher testified generally regarding what the complainant told her, but when the State attempted to elicit testimony about the specifics of the child's statements, the defense successfully objected on hearsay grounds. *Id.* The State later successfully moved to designate as the outcry witness an employee of the Texas Department of Human Services who investigated the allegations. *Id.* at 91. The Texas Court of Criminal Appeals upheld the trial court's decision because there was evidence that the statements to the counselor were extensive and the Court was unable to determine from the record what the complainant told the teacher. *Id.* The *Garcia* court supported its holding in part with the fact that the defendant prevented the teacher from

5

testifying regarding the specifics of the child's statements to her by objecting, and the defendant also declined to recall the teacher to the stand and elicit testimony regarding what the child told her, which could have rebutted the predicate the State laid for designating the investigator as the proper outcry witness. *Id.*

After thorough consideration of the record, we conclude that appellant has not demonstrated that the trial court abused its discretion. Even though the trial court did not know the content of J.J.'s statements to K.S. during those ten minutes, there was sufficient evidence for the trial court to conclude that Teresa was the first adult to whom J.J. gave more than a "general allusion" of abuse. The trial court knew from Teresa's testimony that she talked with and questioned J.J. for a much longer period of time than the ten minutes that K.S. and J.J. were outside of the apartment. Teresa testified that she had a much stronger and more open relationship with J.J. than K.S. because Teresa was his primary caregiver. More importantly, Teresa was the first adult able and willing to testify to whom J.J. made an outcry. Teresa testified without contradiction that K.S. chose not to attend the trial because "[s]he can't handle it. She would fall apart." The State and appellant's counsel told the court that both police and appellant's investigator were unable to locate K.S. *See Foreman v. State*, 995 S.W.2d 854, 859 (Tex. App.—Austin 1999, pet. ref'd) (holding that it was not an abuse of discretion to designate the child's counselor as the outcry witness when the child's parents testified they could not remember the outcry). Furthermore, the trial court judge did intend to have J.J. testify regarding what he told K.S. On the day of the hearing, the State requested that the trial court permit J.J. to deliver all of his testimony at once so he would not have to enter the courtroom twice, but appellant objected because the State had not yet passed the witness

6

who had been testifying when the court recessed the day before. Appellant thus gave up an opportunity to question J.J. regarding the specifics of what he communicated to K.S. about the abuse. *See Garcia*, 792 S.W.2d at 91–92 (factor in affirming the trial court's designation of outcry witness was the defendant's failure to take advantage of an opportunity to question the witness who defendant alleged was the proper outcry witness regarding the nature of the child's statements); *Hayden v. State*, 928 S.W.2d 229, 231 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (holding that the trial court did not abuse its discretion by designating a CPS caseworker as outcry witness even though the complainant first told the school counselor about the abuse because there was no evidence about the specifics of the child complainant's statements to the counselor). In sum, we conclude from all the foregoing that appellant has not shown that the record establishes that the trial court clearly abused its discretion in permitting Teresa to testify as the outcry witness.[2] *See Garcia*, 792 S.W.2d at 91–92; *Foreman*, 995 S.W.2d at 859; *Hayden*, 928 S.W.3d at 231. We overrule appellant's first issue.

### III. EXTRANEOUS OFFENSES

By his second issue, appellant argues that the trial court abused its discretion by admitting certified copies of the judgments of appellant's two prior convictions for attempted aggravated sexual assault of a child and indecency with a child. Appellant

---

[2] Alternatively, even if the trial court did abuse its discretion in designating Teresa as the outcry witness, the error was harmless because J.J. later testified at length regarding the abuse. J.J.'s testimony included all of the details contained in Teresa's description of his statements to her and several additional details. Generally, admission of inadmissible evidence is harmless error if the same evidence is introduced without objection from another source. *See Moore v. State*, 999 S.W.2d 385, 402 (Tex. Crim. App. 1999); *see also Martinez v. State*, No. 04-99-00051-CR, 2000 WL 84484, at *3 (Tex. App.—San Antonio Jan. 26, 2000, no pet.) (mem. op., not designated for publication) (concluding that even if the trial court designated the wrong person as outcry witness under article 38.072, the error was harmless because the child complainant testified to the same facts as the outcry witness).

alleges that the court erred in admitting the judgments because the potential for unfair prejudice substantially outweighed their probative value.  *See* TEX. R. EVID. 403.

## A. Standard of Review and Applicable Law

Article 38.37, § 2(a) of the Texas Code of Criminal Procedure provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a) (West, Westlaw through 2013 3d C.S.). Texas courts have held under previous versions of the statute[3] that even where it makes evidence of extraneous acts admissible, the evidence is still subject to exclusion under the Rule 403 balancing test.  *Colvin v. State*, 54 S.W.3d 82, 84 (Tex. App.—Texarkana 2001, no pet.) (collecting cases).  Rule 403 provides that "relevant evidence may still be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence."  *McNeil v. State*, 398 S.W.3d 747, 756 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).  The trial court is required to conduct the Rule 403 test on proper objection by either party.  *Colvin*, 54 S.W.3d at 85 (citing *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).

"Whether evidence is admissible under Rule 403 is within the sound discretion of the trial court."  *Burke v. State*, 371 S.W.3d 252, 257 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).  A Rule 403 analysis "favors admissibility of relevant evidence, and the

---

[3] The Legislature added Section 2 to article 38.37 in the 2013 Regular Session, and it became effective less than a week before appellant's case began.  *See* Act of May 17, 2013, 83rd Leg., R.S., ch. 387, § 1, (codified at TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West, Westlaw through 2013 3d C.S.)).

presumption is that relevant evidence will be more probative than prejudicial." *Booker v. State*, 103 S.W.3d 521, 533 (Tex. App.—Fort Worth 2003, pet. ref'd). On review of a Rule 403 analysis, we will "reverse the trial court's judgment rarely and only after a clear abuse of discretion because the trial court is in a superior position to gauge the impact of the relevant evidence." *Freeman v. State*, 230 S.W.3d 392, 404–05 (Tex. App.—Eastland 2007, pet. ref'd) (internal quotation marks omitted); *see Booker*, 103 S.W.3d at 534. A Rule 403 analysis includes the following non-exclusive factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App. 2005).

### B. Discussion

Appellant first addresses the factor of the probative value of the evidence. "'[P]robative value' refers to the inherent probative force of an item of evidence—that is, how strongly it serves to make more or less probable the existence of a fact of consequence to the litigation." *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Appellant argues that informing the jury of the mere fact that he pleaded guilty to the charges of indecency with a child and attempted aggravated sexual assault of a child sixteen years before trial does not make any fact more or less probable regarding the charged offenses. Appellant reasons that "there was no evidence presented that [appellant's] conduct in either of the two convictions was similar in nature to the sexual abuse of J.J.," so there was an unacceptable danger that the jury would conclude based on those two convictions that appellant is a pedophile and "has a history of acting on his pedophilic predisposition." In other words, admitting evidence of the

9

convictions was error because the convictions are only probative of appellant's propensity of committing offenses of this type, but are not probative of his culpability for this particular offense. We disagree.

Appellant's argument could have some force in a case where the Rule 404 ban on character-conformity evidence applied, but we reject his assertion in this case because the Legislature has determined that evidence of similar extraneous offenses is admissible "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence" for precisely these matters in the cases where article 38.37 applies. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a) (providing that certain extraneous offense evidence is admissible "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant"). We must, if possible, give full effect to the Legislature's enactments. *See Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013) (appellate courts must assume that every word in a statute "was meant to serve a discrete purpose that should be given effect"). We agree, however, that the convictions' remoteness in time somewhat diminishes their probative value. *See Newton v. State*, 301 S.W.3d 315, 320 (Tex. App.—Waco 2009, pet. ref'd) (concluding that a twenty-five year-old extraneous offense was admissible to rebut the defensive theory of fabrication but that "the remoteness of the extraneous-offense evidence significantly lessens it probative value"). Nevertheless, this factor weighs in favor of admissibility.

We next turn to whether the evidence has the potential "to impress the jury in some irrational, yet indelible, way." *See Prible*, 175 S.W.3d at 733. The Texas Court of Criminal Appeals has held that "sexually related bad acts and misconduct involving children are

10

inherently inflammatory." *Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). However, the language of Rule 403 "does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Id.* Rule 403 only addresses "unfair" prejudice, which refers "to relevant evidence's tendency to tempt the jury into finding guilt on grounds apart from proof of the offense charged." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). In the present case case, the certified copies of the judgments informed the jury of appellant's previous convictions, but the State did not provide to the jury any details of the circumstances surrounding the old offenses. The evidence in this case is "much less serious and potentially inflammatory" than the multiple acts of sexual abuse that the State alleged and that J.J. and Teresa described in graphic detail. *See Rivera v. State*, 269 S.W.3d 697, 706 (Tex. App.—Beaumont 2008, no pet.) (holding that extraneous evidence of "touching, kissing, showing of pornographic materials, and an unsuccessful attempt to touch [the complainant's] penis" was less prejudicial and potentially inflammatory than the charged offenses that alleged "multiple instances of oral and anal penetration over a period of approximately two years"). This factor also weighs in favor of admissibility.

We now turn to the State's need for the evidence. The State argues that appellant's trial strategy "challenged the credibility of [J.J.] and stressed the lack of corroborating evidence," and the State needed this evidence to rebut those theories. The State asserts that its need was especially great because the case turned in large part on whether the jury found J.J. or appellant's testimony to be credible. We agree.

The Texas Court of Criminal Appeals has explained:

sexual assault cases are frequently "he said, she said" trials in which the jury must reach a unanimous verdict based solely upon two diametrically

11

different versions of an event, unaided by any physical, scientific, or other corroborative evidence. Thus, the Rules of Evidence, especially Rule 403, should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or complainant in such "he said, she said" cases.

*Hammer v. State*, 296 S.W.3d 555, 561–62 (Tex. Crim. App. 2009). Appellant even argues in his brief that there was no corroborating evidence for the testimony of J.J. and Teresa and that introducing the convictions "effectively destroyed the credibility" of his defensive theories that the testimony of J.J. was not credible and that the Teresa was attempting to shield McGorlick from prosecution for the abuse. Based on the foregoing, we agree that the State's need for the evidence was strong. *See id.*

In sum, after considering all of the Rule 403 factors, and bearing in mind that Rule 403 should be "used sparingly to exclude relevant, otherwise admissible evidence" in these types of cases, *see id.* at 562, we conclude that appellant has not established that the trial court committed a "clear abuse of discretion" when it concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. *See Freeman*, 230 S.W.3d at 404–05 (appellate courts will not reverse a trial court's Rule 403 determination absent a "clear abuse of discretion"). We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.

12